Bonnie MARTIN et al v. STATE of Arkansas

5660                                        476 S.W. 2d 235

Opinion delivered February 21, 1972

Donald Poe and Donald Goodner, for appellants.

Ray Thornton, Attorney General; Jimmy Patton, Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellants Bonnie Martin and Willard Boling were convicted of the felonious killing of a calf with intent to steal. Ark. Stat. Ann. § 41-3917 (Supp. 1971). Appellants advance five points for reversal, which will be enumerated and discussed in the order presented.

Point I. *The trial court should have directed a verdict for insufficiency of the evidence.* On November 22, 1970, John Watkins, a cattle raiser, went to his pasture to feed his herd around 4:00 p.m. Two calves did not come to the feeding area and upon investigation they were found fatally shot at close range with what appeared to be a 22-caliber gun. Sheriff Franchiseur was forthwith summoned to the scene, arriving around 6:30 p.m. He found a 22-caliber expended cartridge in the immediate vicinity of the calves. The calves were taken from the pasture to the home of a nearby resident. The sheriff placed the scene under surveillance, concealing himself and his car from view. By then it was dark. A pickup truck shortly parked on the road near the pasture

fence. Appellant Boling entered the pasture and went directly to the spot where the calves were found. He searched the area with a flashlight. The sheriff approached Boling and the two men went to the pickup truck on the road. Appellant Martin was in the truck. There the sheriff obtained a 22-caliber rifle. From there the appellants, in company of the sheriff, went to the neighboring house where the calves had been taken by the prosecuting witness. In statements given to the sheriff by both appellants they said they had been in the area hunting fox and had shot one in that vicinity; and that they were searching for a fox which they were sure had been hit by their shots. The rifle, the cartridge case found at the scene, and other cartridges obtained for sample shooting by the sheriff, were turned over to Captain Paul McDonald, ballistics expert with the Arkansas State Police. He testified that the cartridge cases supplied him were fired by the evidence weapon. He further testified that a bullet removed from one of the calves was fired by the same weapon. It was also shown by the State that when a bullet is fired from the subject weapon the cartridge will expend itself on the ground just under the gun. There was also evidence that one of the calves sustained a powder burn.

Testing the State's testimony above abstracted for sufficiency, we find it was more than ample to make a case for the jury. We shall shortly discuss the admissibility of the gun, the ballistic exhibits, and the statements of appellants.

Point II. *The gun, shells, and statements introduced over appellants' objections constituted reversible error, they having been obtained without a search warrant or waiver.* As to the gun and shells, the testimony of appellant Boling corroborates the testimony of the sheriff. Sheriff Frachiseur's testimony was that he inquired at the truck if the appellants had a gun; that the answer was in the affirmative; and that one of the appellants reached in the truck, got the gun, and gave it to the sheriff. Appellant Boling testified that the sheriff inquired about a gun and that Boling got the gun out of the truck and handed it to the sheriff. A voluntary

invitation or consent to a search or seizure waives the well known immunity rule. *Williams* v. *State,* 237 Ark. 569, 375 S. W. 2d 375 (1964).

As to the signed statements made by appellants, the sheriff said he advised them of their rights before they made the statements. There was nothing incriminating in the statements; in fact they asserted an alibi. The appellants did not deny making the statements, nor did they say they were involuntary; in fact they said they gave them upon the invitation of the sheriff. They did not agree that the sheriff gave them all the Miranda warnings; however, that merely raised a question of fact for the trial court. Reviewing the record on the circumstances surrounding the statements we think the trial court committed no error in admitting them into evidence.

Point III. *The trial court erred in permitting the prosecuting attorney to ask questions of a witness on rebuttal which had been covered in chief.* Appellants do not point to any particular testimony which they think falls within the category of the recited objection. We do find where the court permitted the repetition of certain testimony on a point which one juror said was not clear to him. We find no abuse of the broad discretion in this respect which rests with the trial judge. *Bobo* v. *State,* 179 Ark. 207, 14 S. W. 2d 1115 (1929).

Point IV. *The trial court erred in refusing to set aside the verdict and grant a new trial.* At the hearing on the motion for a new trial the wife of appellant Boling testified that she saw the prosecuting witness talking to a juror during a recess in the trial. The juror testified that he did not know the prosecuting witness; that he did not recall having a conversation with the prosecuting witness; and that if perchance there was a passing conversation it had nothing to do with the trial. He stated emphatically that he had no conversation with anyone about any phase of the trial. Mrs. Boling did not pretend to have heard any of the conversation to which she referred. The prosecuting witness testified that he did

not know the juror and that he did not discuss the case with him; in fact he said he did not recall having any conversation with the juror in question. In *Rice* v. *State*, 216 Ark. 817, 228 S. W. 2d 43 (1950), a bailiff was said to have made an improper remark to the jury while the jury was deliberating. In that case the trial court found the point had no merit and we affirmed. We said the trial court had a wide discretion in dealing with a situation of that nature. We cannot say the trial judge in the instant case abused his discretion.

Point V. *The court erred in refusing in toto the instructions proffered by the defendants.* It is not contended that any instruction given by the court was in error, nor is it asserted that the court failed to instruct the jury on any material point in the case. We have examined the court's instructions and conclude that he covered every essential phase of the case. An examination of instructions offered by appellants reveals that some of them are slanted, some of them are not correct statements of the law, and some are repetitive.

Affirmed.