## Harold ALEXANDER v. STATE of Arkansas

CR 73-80                                    499 S.W. 2d 849

### Opinion delivered September 24, 1973
[Rehearing denied October 29, 1973.]

*Engeler & Johnson,* by: *James C. Johnson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Philip M. Wilson,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. a jury found appellant guilty of possession of a controlled substance (marihuana) and assessed his punishment at one year in the penitentiary and a $750 fine. Before trial, appellant filed a motion to suppress the evidence which was seized as a result of a car search. Appellant contends the search was conducted without probable cause and, therefore, the court erred in overruling his motion.

The relevant facts are that the owner of a local drive-in restaurant complained to a policeman that drinking and littering on his parking lot were causing a continous problem and asked if anything could be done about it. Two policemen proceeded to his premises

and found only one car in the vicinity which was parked at a phone booth next to the highway. The car had no license plate and the officers stopped to investigate. Appellant, a passenger, was observed leaving the car and using a phone booth. The officers talked with the driver-owner of the car and determined that since the automobile was recently purchased the time had not expired for licensing. However, the officers observed a portion of a brown paper sack protruding from underneath the seat on the passenger side of the automobile. The shape and size of the sack caused the officers to believe it contained a bottle of liquor. The driver-owner of the car was a minor. He had previously had encounters with the local police with respect to the illegal possession of intoxicants. The appellant, the passenger, had experienced a similar difficulty. The driver-owner was asked by one of the officers, after seeing the paper sack, if he had any "booze" or anything to drink in the car. The officers testified that he stated that he did not and gave his consent to search. The driver-owner himself testified "[N]o, you can look." He further testified that he moved his coat that was in the car so that the officers could see under the coat. The coat, upon being moved, however, covered the exposed paper sack. One of the officers opened the car door, got the paper bag and found that it contained a quantity of marihuana. A paper box was observed in the rear part of the car and it also contained a quantity of marihuana.

Appellant's only contention is that in these circumstances the officers did not have probable cause for a warrantless search of the automobile in which marihuana was discovered. Appellant makes the argument that the officers had insufficient facts within their knowledge upon which they "could have reasonably concluded that the automobile contained that which offended against the law." We need not determine the existence of probable cause to justify a warrantless car search under the requirements of *Carroll* v. *United States,* 267 U.S. 132 (1925). A voluntary invitation or consent waives the immunity rule. *Martin* v. *State,* 251 Ark. 1025, 476 S.W. 2d 235 (1972).

In the very recent case of *Schneckloth* v. *Busta-monte,* 93 S. Ct. 2041 (1973), it was held that a well

established exception "to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." See, also, *State* v. *Barron,* 395 P. 2d 158 (1964). In *Schneckloth, supra,* an exploratory, warrantless car search, without probable cause, was upheld since the search was conducted by consent. The vehicle was stopped by an officer who observed it had defective lights. Only one of the six occupants, a passenger named Alcala, had a license. He said the car was his brother's. When the officer asked him if he could search the car, Alcala stated "[S]ure, go ahead." The police found three stolen checks wadded up underneath the rear car seat. Appellant, a passenger in the car, was subsequently convicted of unlawfully possessing a check with the intent to defraud.

There, as in the case at bar, a motion to suppress was made on the basis that the evidence was acquired through an unconstitutional search and seizure. The court upheld the validity of the search on the basis of Alcala's voluntary consent. The court, *inter alia,* set the standard for voluntary consent as "a question of fact to be determined from the totality of all the circumstances." However, there, as in this case, there was no evidence that the search was coerced or involuntary. In the case at bar, the driver-owner himself testified "[N]o, you can look." The totality of the circumstances shows that the owner-driver freely gave his consent for the officer to search the car. Therefore, since the warrantless search was by consent it was constitutionally permissible to search the car and seize any contents that offended against the law. All warrantless searches and seizures are not prohibited by the Fourth Amendment, U. S. Const., or Art. 2, § 15, Ark. Const. - only those which are unreasonable. As in *Schneckloth, supra,* we cannot say where one voluntarily consents to a warrantless search that the search is unreasonable.

Affirmed.