KENNETH BOYCE FIKE v. STATE OF ARKANSAS

CR 73-132                                504 S.W. 2d 363

Opinion delivered January 28, 1974

*Potter & Potter,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen:, for appellee.

FRANK HOLT, Justice. A jury found appellant guilty of assault with the intent to rape and fixed his punishment at five years in the Department of Corrections, after having found him guilty also as a habitual criminal (one previous conviction). For reversal appellant first contends that the trial court erred in refusing to permit the prosecutrix to be interrogated on cross-examination as to a particular act of immoral conduct; i.e., giving birth to an illegitimate child.

Our cases are somewhat in conflict concerning the admissibility of specific prior acts of immorality. The state cites *Pleasant* v. *The State,* 15 Ark. 624 (1854-5), and *Jackson* v. *State,* 92 Ark. 71, 122 S.W. 101 (1909), to the effect that in rape or related cases it is impermissible to attack the credibility of the prosecutrix by eliciting on cross-examination evidence of particular acts of unchastity; however, her credibility can be impeached by evidence of her general reputation as to truth and morality. To the contrary is *King* v. *State,* 106 Ark. 160, 152 S.W. 990 (1913), an assault with intent to rape case, where we said that it is permissible on cross-examination to ask the prosecutrix if she had had sexual intercourse with someone other than the defendant. See also *Lockett* v. *State,* 136 Ark. 473, 207 S.W. 55 (1918). In *King* v. *State, supra,* Justice Frank Smith, speaking for a unanimous court, detailed the guidelines. There we held, however, that no prejudice resulted from the refusal to allow an answer to the permissible question inasmuch as it did not "*** affirmatively [appear] that the defendant believed that the witness would make an admission favorable to his defense, if she answered the question truthfully***." Likewise, in the case at bar, no prejudice was demonstrated inasmuch as the appellant did not comply with this requirement by stating to the court that he believed in a favorable response. The appellant would be bound by the prosecutrix's answer. Additionally, as abstracted, the appellant made no objections to the court's ruling and appears to have acquiesced in the court's action. We deem unnecessary a further discussion of the divergent views.

Appellant next contends for reversal that the trial court erred in refusing appellant's proffered instruction to the jury that if they found him not guilty of assault with intent to rape they could find him guilty of assault. We must agree with appellant's contention. We briefly summarize the evidence since the sufficiency to support the verdict of assault with intent to rape is not in issue. The prosecutrix testified that as she left a local night club, after a dispute with her divorced husband, the defendant offered her a ride home. After driving around a short time, he made improper advances toward her, which she refused. Outside town he stopped the car and persisted. She got out and started walking. He threw her into a ditch and attempted to have intercourse with her despite her resistance. When she succeeded in repelling him, he persuaded her to get back in the car, promising he would take her wherever she desired. He then drove her back to the parking lot of the night club where she jumped out of the car. She stated that the appellant never struck or raped her and that the scratches she received were caused by the gravel on the roadside when he threw her down. The appellant did not testify.

We have recently said "*** in order to find error in the refusal of the trial court to give a requested lesser offense instruction it must appear that the offense in the requested instruction was one necessarily contained within the higher offense and the evidence showed the existence of all the elements of the lesser offense." *Flaherty and Whipple* v. *State*, 255 Ark. 187, 500 S.W. 2d 87 (1973). See *Caton and Headley* v. *State*, 252 Ark. 420, 479 S.W. 2d 537 (1972), for a thorough analysis of our cases involving lesser included offense instructions. It appears that the offense must be of the same generic class; all elements of the lesser offense must be contained in the greater offense, so that commission of the higher offense must involve commission of the lower; and the charge must contain all substantive allegations necessary to let in proof of the lesser offense.

In the case at bar, all of these elements coexist. Certainly, assault is of the same generic class as assault with intent to rape. *Wills* v. *State*, 193 Ark. 182, 98 S.W.

2d 72 (1936). The charge and commission of assault with intent to rape (Ark. Stat. Ann. § 41-607 [Repl. 1964]) inherently involve the element of assault (§ 41-601). The charge of assault with intent to rape is a sufficient allegation to permit proof alone of only an assault.

In the case at bar, it is not questioned that the prosecutrix's testimony is sufficient to sustain the verdict of assault with intent to rape. However, the jury has the sole prerogative to accept all or any part of a witness' testimony whether controverted or not. Therefore, the jury had the absolute right, as trier of the facts, to evaluate the evidence and consider whether only an unlawful assault was committed upon her by appellant or even acquit him. The trial court should have given the instruction relating to the lesser included offense. *Flaherty and Whipple* v. *State, supra,* and *Caton and Headley* v. *State, supra.*

Appellant next contends that the state did not meet its burden of proof in establishing a previous conviction after the jury found him guilty of assault with intent to rape. The enhancement of the sentence is permitted by § 43-2330. The proof adduced by the state consisted of a penitentiary commitment, identified by the local circuit clerk, reflecting that appellant was previously convicted there of a felony. This evidence was supported by the testimony of the present sheriff who was circuit clerk at the time of appellant's conviction. This witness also identified appellant as the one named in the document. Appellant asserts that this evidence is deficient inasmuch as neither the penitentiary commitment nor other evidence indicated he was represented by counsel or had waived legal assistance.

An indigent's conviction prior to *Gideon* v. *Wainwright,* 372 U.S. 335 (1962), cannot be utilized for habitual offender purposes if the accused was not provided counsel. *Burgett* v. *Texas,* 389 U.S. 109 (1967). Appellant introduced no testimony to establish that he was not represented by counsel. The appellant could have inquired by cross-examination of the witnesses presented by the state or by tendering other proof, without personally testifying, that he was not the person referred to in the com-

mitment. *Henson* v. *State,* 248 Ark. 992, 455 S.W. 2d 101 (1970), and *Higgins* v. *State,* 235 Ark. 153, 357 S.W. 2d 499 (1962). Additionally, there was no objection to the allegedly infirm previous conviction and we cannot consider it for the first time on appeal.

The judgment is reversed and the cause remanded for the error indicated.

Reversed and remanded.

HARRIS, C.J., not participating.