Gary Wayne WICKLIFFE and
Jimmy Don SCOTT *v.*
STATE of Arkansas

CR 75-60                                    527 S.W. 2d 640

Opinion delivered September 22, 1975

*John M. Fincher,* for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *Robert A. Newcomb,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellants were convicted by a jury of grand larceny. Wickliffe's punishment was assessed at three years and Scott's at three years (with two suspended) in the State Department of Correction. Appellants first contend for reversal that the court erred in denying their motion to suspress certain evidence. The basis for the motion was that the state acquired possession of certain items, particularly a set of tree trimming shears, by an unreasonable search and seizure which is prohibited by the Federal Fourth Amendment and Art. 2, § 15 of the Arkansas Constitution (1874). Appellants argue there was neither probable cause for their arrest nor the seizure of their vehicle and that a warrantless search, approximately twelve hours after their arrest at a time when they were in custody, was in violation of their constitutional rights.

A witness for the state testified that about 9 p.m. he observed a pickup truck near his house passing back and forth on a road between some highline poles which were adjacent to the highway. The truck's motor "was killed" and shortly thereafter the "highline roared." He then walked down to where the unattended truck was parked. He observed it closely and that copper wire was missing from the highline poles for approximately "3 pole lengths" or "nearly a quarter" of a mile. The witness promptly reported the

suspicious circumstances to the sheriff's office. A deputy sheriff testified that he received the information supplied by this witness and drove to the scene looking for a vehicle fitting the descrption. When he arrived, the two occupants, the appellants, drove away in a pickup truck. He stopped them after a short distance and took them into custody. He looked into the back of the pickup truck and saw a pair of tree trimmers in open view. He returned to where he first observed the vehicle and found two rolls of copper wire which he then placed in the back of the truck along with the trimmers. He had the truck towed into a nearby town and locked up in a fenced salvage yard. The next day, the appellants being in jail, the officer removed the trimmers and other articles from the open bed of the pickup truck without a search warrant.

All warrantless searches and seizures are not prohibited by our federal and state constitutions. Only those which are unreasonable. *Alexander* v. *State,* 255 Ark. 135, 499 S.W. 2d 849 (1973). Also an automobile, given probable cause, is subject to a warrantless search and seizure because it is a mobile or fleeting object. *Roach* v. *State,* 255 Ark. 773, 503 S.W. 2d 467 (1973); and *Easley* v. *State,* 255 Ark. 25, 498 S.W. 2d 664 (1973); and *Carroll* v. *United States,* 267 U.S. 132 (1925). Certainly, in the case at bar, there existed probable cause for the officer to stop and take control of the pickup truck and arrest appellants in view of the recited activities of its occupants and the fact that it fit the description relayed to police officers by a witness at the scene of the alleged offense. *Anderson* v. *State,* 256 Ark. 912, 511 S.W. 2d 151 (1974); *Roach* v. *State, supra; Easley* v. *State, supra;* and *Cox* v. *State,* 254 Ark. 1, 491 S.W. 2d 802 (1973). The appellants, however, argue vigorously that a warrantless search of the pickup truck the following day or about twelve hours later at the enclosed junkyard where the officer had impounded the vehicle under lock and key was illegal.

In *Cox* and *Easley* we held that where the intial intrusion of a vehicle was justified a subsequent warrantless search of a vehicle, after being removed into town, comported with constitutional standards. In doing so, we reviewed pertinent federal decisions. In approving a subsequent warrantless search of impounded vehicles in *Cox* and *Easley,* we cited, *inter*

*alia, Chambers* v. *Maroney,* 399 U.S. 42 (1970). There the warrantless search of an automobile was made at the police station sometime after the car was apprehended on the highway. In *Coolidge* v. *New Hampshire,* 403 U.S. 443, 463 N. 20 (1971), the court said:

> It is true that the actual search of the automobile in *Chambers* was made at the police station many hours, after the car had been stopped on the highway, when the car was no longer movable, any "exigent circumstances" had passed, and, for all the record shows, there was a magistrate easily available. **** The rationale of *Chambers* is that *given* a justified initial intrusion, there is little difference between a search on the open highway and a later search at the station.

In the case at bar, since a justified initial intrusion existed at the time the vehicle was taken into custody, at which time the offending articles were in plain view, we hold the appellants' asserted constitutional rights were not violated by the officer retrieving the articles from the open bed of the impounded truck some twelve hours later.

Appellants next contend that it was error to admit the tree trimmers into evidence "because (1) they were the fruits of an illegal search and seizure **** and (2) they were not competent evidence because the chain of custody was never established." As indicated, the trimmers were not the fruit of an illegal search and seizure. Neither can we agree that the proper chain of custody was not sufficiently established. The arresting officer testified that he saw the trimmers in open view in the back of the pickup truck which the appellants were occupying at the time of their arrest. Appellants argue that the salvage yard owner, who towed the truck into town, was not called as a witness; the officer, who made the arrest, could not say if anyone else went with the truck; neither were there any identifying marks placed on the trimmers at the scene of the arrest; and it was not until the next day that the officer went to the salvage yard and took possession of the trimmers and marked them for identification. Therefore, appellants assert the evidence was inadmissible since the state did not establish that it had the sole and exclusive

possession, control and custody of the trimmers from the time they were taken from appellants until they were introduced into evidence. There is no evidence whatsoever that the trimmers were tampered with in any manner and were not authentic evidence. The state's witness testified that the trimmers were the same as those in the truck on the night of the arrest.

In *West v. United States,* 359 F. 2d 50, 55 (8th Cir. 1966), cert. den. 385 U. S. 867 (1966), the court said:

> Appellant seems to be arguing that as long as it was conceivable that the evidence could have been tampered with, it should not have been admitted. This, however, is not the law. The government need not exclude all possibilities of tampering. The Court need only be satisfied that in reasonable probability the article had not been changed in important respects.

Further, the court held that the court is accorded some discretion in determining the admissibility of evidence.

In *Fight v. State,* 254 Ark. 927, 497 S.W. 2d 262 (1973), we said "[T]he purpose of the chain of identification is to prevent the introduction of evidence which is not authentic." To the same effect are *Witham* v. *State,* 258 Ark. 348, 524 S.W. 2d 244 (1975); and *Freeman* v. *State,* 238 Ark. 804, 385 S.W. 2d 156 (1964).

In the case at bar, we are of the view the court did not abuse its discretion in holding that the evidence was admissible since in all reasonable probability the trimmers had not been changed. The jury was free to disregard or discredit the evidence due to the asserted deficiency.

Affirmed.