Ross Allen MILBURN *v.* STATE of Arkansas

CR 76-122                                    542 S.W. 2d 490

Opinion delivered November 1, 1976
(In Banc)

554

*Skillman, Durrett & Davis,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of possession of marijuana with intent to deliver and his sentence was assessed at imprisonment for nine years in the Department of Correction and a fine of $15,000. Appellant first argues for reversal that the trial court erred in not granting his motion to suppress the items (marijuana) removed from the trunk of appellant's car. Appellant claims there was no probable cause for the search at the time. We cannot agree.

At about midnight on an interstate highway, police stopped appellant for speeding after a chase of about four miles at a speed reaching 115 m.p.h. When appellant stepped from his car, he was in a staggering condition with a noticeable odor of alcohol and marijuana. After some resistance by the appellant, the officer frisked him, placed him in his patrol car, and asked him for his driver's license. The appellant said his license was in his billfold laying on the seat of the car. When the officer went to the car and opened the door, "there was a strong pungent odor of smoke [coming] from the vehicle. On the seat, in the floor, were loose cigarette papers laying all around the car. The billfold

was on the dash laying beside a bank bag half zipped up with a large amount of money [$11,480.02] bulging from the bank bag. I also noticed laying on the seat was a bond where he had been released that morning on possession of a controlled substance, St. Louis County, Missouri, I believe it was, on a fifteen hundred dollar bond." When the officer mentioned finding the money in the car to the appellant, he kicked the door of the patrol car open, jumped out and refused to get back in the vehicle. Appellant was finally subdued and handcuffed by the officer and two other officers, who had arrived at the scene, and placed back in the patrol car. Thereupon the arresting officer, being trained in the discernment of marijuana, took appellant's ignition key, unlocked the trunk and noticed marijuana in loose and brick form there. The officer relocked the trunk without removing anything and had the car towed in and impounded at the local county jail. The next day the contraband, weighing 9.1 pounds, was removed from the car in the presence of appellant pursuant to a search warrant, which appellant also attacks as jurisdictionally invalid.

All warrantless searches and seizures are not prohibited by our state and federal constitutions, only those which are unreasonable. An automobile, given probable cause, is subject to a warrantless search. *Gordon* v. *State*, 259 Ark. 134, 529 S.W. 2d 330 (1976); and *Wickliffe & Scott* v. *State*, 258 Ark. 544, 527 S.W. 2d 640 (1975). See also *Carroll* v. *U.S.*, 267 U.S. 132 (1925); *Chambers* v. *Maroney*, 399 U.S. 42 (1970); and *Coolidge* v. *New Hampshire*, 403 U.S. 443, 463 N. 20 (1971). Here, the circumstances attending appellant's apprehension and subsequent conduct, the detection by the officer of the odor of marijuana in appellant's vehicle and on his person, and the items observed in the front seat of appellant's car were amply sufficient to justify probable cause for a warrantless search of his vehicle. *Gordon* v. *State, supra*. In the case at bar, since the initial intrusion was clearly justified by probable cause, the subsequent seizure of the contraband the next day comports with constitutional standards. The subsequent search was a continuation and consummation of a valid initial intrusion. *Wickliffe & Scott* v. *State, supra*. Therefore, here, we need not determine the asserted invalidity of the warrant used in the subsequent seizure of the contraband.

Appellant next contends that the contraband was improperly admitted into evidence because the chain of custody was incomplete as to whether the substance removed from his car the morning after his arrest was the same substance first observed by officers in the limited search at the time of his arrest. The record shows that following the initial discovery of the marijuana, appellant was transported to the local jail and one officer remained with appellant's car until a wrecker arrived. This officer followed the wrecker which towed appellant's car to the impoundment lot at the local jail where it was stored inside the locked perimeter of the fenced storage area. The lot was routinely checked approximately every hour. The arresting officer was present during the search of appellant's car the next morning. He testified that he removed, in the presence of appellant, "a box containing the vegetable substance that I had found the night before." The substance was given by him to the county sheriff who kept it locked in his office until he personally delivered it to a Mr. Raborn at the Arkansas Department of Health for analysis. Mr. Raborn conducted the required tests on the substance, logged and stored the contraband in his locked file until produced and identified by him at appellant's trial.

"The purpose of the chain of identification is to prevent the introduction of evidence which is not authentic." *Fight* v. *State*, 254 Ark. 927, 497 S.W. 2d 262 (1973). In *Wickliffe & Scott* v. *State, supra,* we said:

> To establish a chain of custody of articles to be introduced in evidence, it is not necessary to exclude all possibilities of tampering but the court need only be satisfied that in reasonable probability the articles had not changed in important aspects.

Here, we are of the view that the trial court did not err in admitting into evidence the marijuana since in all reasonable probability the contraband removed from the trunk of appellant's car was the same as observed there the previous night. The jury was free to weigh and disregard the evidence as a result of the asserted deficiency.

Appellant next contends that the trial court erred in not instructing the jury "on the lesser misdemeanor charge of

possession" of marijuana. We must agree. An accused may be convicted of a lesser offense than charged when both belong to the same generic class, the commission of the higher may involve commission of the lower, and the charge of the higher contains all the substantial allegations necessary to let in proof of the lesser. *Caton v. State,* 252 Ark. 420, 479 S.W. 2d 537 (1972). There we said:

> This court has zealously protected the right of an accused to have the jury instructed on lesser offenses included in a greater offense charged. We have consistently held that a trial court commits reversible error when it refuses to. give a correct instruction defining a lesser included offense and its punishment when there is testimony on which the defendant might be found guilty of the lesser rather than the greater offense.

Here, the offense charged and the evidence adduced require the giving of the requested instruction because there is evidence of the lesser included offense. The state's own evidence supplies the evidentiary requirement. The officer observed within the appellant's car "scattered cigarette papers." Upon his searching the appellant's person at the jail, he found a "roach clip" in appellant's sock and approximately one ounce of marijuana secreted in his underwear. The "roach clip" is used by marijuana smokers in order to smoke "a marijuana cigarette butt" without burning the fingers. There was a "strong pungent odor" of marijuana smoke in appellant's vehicle and on his person.

Ark. Stat. Ann. § 82-2617 (d) (Supp. 1975) provides that the mere possession of a controlled substance, marijuana here, in excess of one ounce "shall create a rebuttable presumption that such person possesses such controlled substance with intent to deliver. . . . ." Here, pursuant to the statute, the theory of the state's case was that appellant possessed marijuana with intent to deliver. Certainly, it must be said there is an abundance of testimony to sustain the finding of the jury to that effect. However, the theory of the defense, as enunciated by the requested instruction, was that the defendant's possession constituted a misdemeanor. As indicated, we hold the appellant was entitled to have the jury consider his version. *Bedell v. State,* 257 Ark. 895, 521 S.W. 2d

200 (1975); and *Fike v. State,* 255 Ark. 956, 504 S.W. 2d 363 (1974). See also *Stone v. State,* 254 Ark. 1011, 498 S.W. 2d 634 (1973). In these cases we again recognized that it was solely the prerogative of the jury, as the trier of the facts, to evaluate the conflicting evidence and draw its own inferences as to why appellant had the marijuana in his possession. Furthermore, § 82-2617 (d) provides, as indicated, that the mere possession in excess of one ounce of marijuana, as here, constitutes a presumption of intent to deliver, although it is a rebuttable presumption. It appears that it could be validly argued that this presumption becomes conclusive in the absence of the lesser included offense instruction which was sought here. *Stone v. State, supra.*

Appellant finally asserts that the trial court erred in giving an instruction relating to the statutory inference provided by § 82-2617 (d), *supra.* Appellant contends that the instruction constituted a comment on the evidence. The instruction reads:

> The amount or quantity of any marijuana which you find beyond a reasonable doubt to have been possessed by the defendant, if any, is evidence which goes to you for your consideration along with all the other facts and circumstances of the case in determining the purpose or intent for which the marijuana was possessed.

The instruction is not in the verbatim statutory language which we disapproved in *French v. State,* 256 Ark. 298, 506 S.W. 2d 820 (1974). Here, the instruction tells the jury that if it found appellant possessed the marijuana, the amount so possessed could be considered along with all the other facts and circumstances of the case as to the purpose or intent of appellant's possession. This type of instruction leaves guilt or innocence solely to the jury and allows it to draw an inference which is allowable by the statute. See *Petty v. State,* 245 Ark. 808, 434 S.W. 2d 602 (1968). A.M.I. Civil 2d 703.

For the error indicated, the judgment is reversed and the cause remanded.

Harris, C.J., dissents.

CARLETON HARRIS, Chief Justice, dissenting. I would affirm this case because, in my view, there was no evidence whatsoever that Milburn only possessed the marijuana for his own use; in fact, I consider the evidence as definitely reflecting the contrary. The amount in his possession was 9.1 pounds which, as pointed out by the state in its brief, is more than 140 times the amount which the legislature declared sufficient to create a presumption of intent to deliver; not only that, but there was a bag of money on the floor containing $11,480.00.

The majority state that the theory of the defense was that the defendant's possession constituted a misdemeanor and he was entitled to have the jury consider that version. I would agree if there had been any evidence reflecting that Milburn only had the marijuana for his own consumption, but I do not find such evidence. The presumption of intent to deliver where one possesses more than one ounce of marijuana is rebuttable, i.e., it may be overcome by evidence sufficient to create a reasonable doubt. The majority mention that scattered cigarette papers were found within the car; a "roach clip" and approximately an ounce of marijuana were secreted in his clothing, and there was an odor of marijuana smoke in the vehicle. Several cases are then cited in support of the position taken and it is stated:

> In these cases we again recognized that it was solely the prerogative of the jury, as the trier of the facts, to evaluate the *conflicting* evidence and draw its own inferences as to why appellant had the marijuana in his possession. (My emphasis.)

The fact that appellant had also been smoking marijuana does not, in my opinion, constitute *conflicting* evidence. After all, one can both smoke it, and deliver it, and this has been true in several cases before this Court.

I would affirm.