Jack Allen THOMAS *v.* STATE of Arkansas

CR 77-62                                     553 S.W. 2d 41

Opinion delivered July 11, 1977
(Division II)

*Skillman, Durrett & Davis,* by: *Vincent E. Skillman, Jr.,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Terry R. Kirkpatrick,* for appellee.

DARRELL HICKMAN, Justice. The only question on appeal of this criminal case is the validity of the seizure of several packets of heroin. The appellant, Jack Allen Thomas, was convicted of possession of heroin, a controlled substance, and sentenced by the Crittenden County Circuit Court to five years in the penitentiary.

The conviction hinged entirely on the admissibility of several packets of heroin found in the appellant's brief case. We agree with the lower court the seizure of the heroin was proper.

The facts are unique. Thomas was a passenger in a car driven by a man named Davis. The two men stopped at a restaurant on the interstate highway between Marion and West Memphis. Two deputy sheriffs in plain clothes, driving an unmarked car, also stopped at the restaurant and became suspicious of Davis and Thomas. Good reasons for the suspicion are not in the record. Anyway, the officers followed the vehicle driven by Davis and while following, ran a vehicle license check. The report indicated the license tag should be on a 1975 Pontiac but was instead on a 1975 Ford. The officers stopped the car. Davis produced a valid temporary Tennessee driver's license and Thomas a valid Arizona license. Davis could not produce registration papers and the officers requested them to follow the officers to the sheriff's office. They did, and Davis and Thomas got out of the vehicle and locked it. Deputy Sheriff Doyle, while checking the identification number on the vehicle by looking through the win-

dow, saw a pistol in a holster on the right front floorboard. According to Doyle, the driver, Davis, consented to entry of the vehicle. Doyle got the gun, ran a check on it and received a report that the pistol was reported stolen in Phoenix, Arizona in 1968. Thomas was arrested for possession of stolen property and carrying a concealed weapon.

Officer Doyle also brought several other items from the vehicle into the sheriff's office, including a locked brief case belonging to Thomas. After Thomas was arrested, but before he was placed in a cell, he told Doyle there was some money in his brief case and he wanted it inventoried. Doyle told Thomas that he could open the brief case but only he, Doyle, could reach into it to get the money. Doyle explained this was standard procedure for the protection of police officers against weapons.

Thomas opened the locked brief case and pointed to an envelope. It contained six $100 bills. Doyle saw a plastic packet containing a brown powdered substance in the case and took it. The packet, with several other packets found in the brief case, contained heroin. The packets were admitted into evidence.

These facts are all as related by Deputy Sheriff Doyle. There is no evidence in the record to refute them. The only other evidence in the record is the testimony of the health department official identifying the heroin.

This case is unique because it does not exactly fit the usual case of search and seizure. Where consent is the question, the officer states the defendant gave permission to search. The defendant denies the search was voluntary. See *Martin* v. *State*, 251 Ark. 1025, 476 S.W. 2d 235 (1972). Neither Doyle nor any other officer asked for permission to search the brief case and there is no evidence they intended to. Nor do these facts exactly fit the situation where consent is implied, such as contraband seized at an airport. *U.S.* v. *Doran*, 482 F. 2d 929 (July 10, 1973). The seizure of the gun in the car would apparently fit the situation where a police officer is entitled to seize any contraband or evidence in "plain view." See *Freeman* v. *State*, 258 Ark. 617, 527 S.W. 2d 909

(1975). But that is not exactly the case with the heroin. It is a case where a defendant invites a police officer to look into a brief case that would otherwise remain closed. In such a case a defendant is not in a position to complain that the officer sees contraband and seizes it. To expect otherwise would be foolish. Thomas was told before the case was opened that Doyle would remove the money. Thomas, therefore, brought the seizure on himself because it was reasonable under the circumstances for the police officer to seize any contraband that he saw when he looked into the brief case. The constitution only prohibits unreasonable searches and seizures. Ark. Const. Art. 2, § 9.

The appellant argues that the officers had no reason to suspect the two occupants of the vehicle, follow them, or, in fact, hold them. It was learned several days later the pistol actually belonged to Thomas and *he* had reported it stolen but later recovered it.

According to the testimony, the officers did not stop the vehicle *until* a report indicated the license tags were not on the proper vehicle. The two men were not asked to follow the officers *until* no valid vehicle registration could be produced. Thomas was not arrested *until* it was reported that the gun was stolen. The heroin was not seized *until* Thomas opened the brief case and invited the officer to enter the brief case. This is according to undisputed testimony.

The fact that no warning of constitutional rights was given to Thomas is irrelevant to the seizure of the heroin. See *Dixon v. State*, 260 Ark. 857, 545 S.W. 2d 606 (1977). The fact that the gun was actually not stolen is irrelevant. The actions of officers, according to the undisputed testimony, were reasonable and proper at all times.

The state has the burden to prove that a seizure of evidence is legal and proper. The only evidence here is Doyle's statement. We cannot say the trial court was wrong in finding that the state met its burden.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and BYRD, JJ.