Kenneth D. UTLEY *v.* STATE of Arkansas

CA CR 79-15                    586 S.W. 2d 242

Opinion delivered August 15, 1979
and released for publication September 5, 1979

*Michael Dabney*, Public Defender, by: *Denny Hyslip*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Paul N. Means*, Asst. Atty. Gen., for appellee.

DAVID NEWBERN, Judge. This case was appealed to the Arkansas Supreme Court and by that Court assigned to the Arkansas Court of Appeals pursuant to Arkansas Supreme Court Rule 29(3).

Appellant was convicted of theft of property in violation of Ark. Stat. Ann. § 41-2203 (Repl. 1977). Theft of property is a class C felony if the value of property is less than $2500 but more than $100. Ark. Stat. Ann. § 41-2203 (2) (b) (i) (Repl. 1977). Theft of property of less than $100 value is a class A misdemeanor. Ark. Stat. Ann. § 41-2203 (2) (c) (Repl. 1977). Appellant was convicted of the felony offense and sentenced to confinement of "two years in the State Department of Correction, with one year suspended upon

condition defendant serve one year in the county jail and make monthly reports to the Probation Officer."

The sole question is whether the trial court committed reversible error in failing to submit to the jury a jury verdict form which would have permitted it to find Appellant guilty of the lesser included (misdemeanor) offense. At the end of the trial, the judge instructed the jury with respect to both misdemeanor and felony theft, but refused to give the jury any verdict form other than one permitting it to find the Appellant either guilty of the felony or not guilty. Counsel for the Appellant specifically requested that the form include the lesser included misdemeanor, objected to the refusal to submit it and then asked that his objections be noted.

There is no doubt the jury had sufficient evidence before it to convict the Appellant of theft. Appellant and a friend named "Mike" encountered each other on Dickson Street in Fayetteville. (Appellant was not sure if Mike's last name was Dawson or Swanson.) Appellant said he told Mike of the loss of his (Appellant's) clothing, having had it "ripped off" from his car in Fort Smith. Mike, according to Appellant, was flush with his $400 social security check and agreed to lend Appellant $100, whereupon directly they proceeded to a Wal-Mart Store in Springdale to buy clothes.

Appellant and Mike attracted suspicion at Wal-Mart. They were observed with two Wal-Mart sacks inside the store. The sacks were the type in which customers' purchases were packaged upon payment. Both sacks were in a single shopping cart. They went about the store picking up merchandise and placing it in the sacks. Appellant at some point was observed by Wal-Mart security personnel to have placed his coat over the top of the cart in a manner which concealed whether the sacks had been stapled closed as would be the case of most sacks leaving the store containing paid-for merchandise. Appellant testified his coat was too small to have covered both sacks.

A Wal-Mart security guard who had observed Appellant and Mike inside the store testified he apprehended them in the parking lot after they, together, had taken the cart with the sacks outside. The guard testified that Appellant pushed

the cart out with his coat still on top of it. Upon learning the identity of the guard, Mike broke and ran. Appellant did not run at first, but picked up his coat and began putting it on, and then he ran and was caught and returned to the store. Upon reaching the store, the goods from the two sacks were removed and comingled. Store officials totaled the retail value of all the goods in the two sacks at $224.87.

Appellant testified he had no intent to steal, and that he knew Mike would lend him only $100. Thus, he was consciously keeping track of the value of the goods in "his" sack. He said there were some jeans and some other items which would not have exceeded $80 purchase price. He explained the lack of evidence of payment by saying he and Mike had separated in the store toward the end of their shopping venture, and that when he approached Mike and inquired about going through the check-out line, Mike said it had "already been taken care of." The cart at that time was beyond the cash registers, and between them and the exit, as due to some construction work on the store building, merchandise was temporarily being displayed near the exit, and Appellant and Mike had examined some of the items located there.

Reading the entire record left me with nothing which would permit characterization of this defense as other than flimsy. Appellant tried to convince the jury he left the store with those goods, believing they had all been paid for. But our job is not to come up with an evaluation of the strength of Appellant's defense. Rather, we must decide whether there was a "rational basis" upon which the jury could have found him guilty of theft of property of a value less than $100. Ark. Stat. Ann. § 41-105 (3) (Repl. 1977) is as follows:

The court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

Most of the cases in which this point is raised deal with instructions rather than verdict forms. However, we concur with Appellant that even though the trial court explained the

fact that theft of property having a value of less than $100 was a misdemeanor, his refusal to include it in the verdict form nullified the instruction. The judge, in addition, made no effort to explain the possibility of finding guilt on a lesser offense. Thus, we receive this case as though no instruction had been given on the lesser offense, although we cannot ignore the confusion which may have been present in the minds of some jurors resulting from this inconsistency.

Appellee cited *Caton and Headly* v. *State*, 252 Ark. 420, 479 S.W. 2d 537 (1972); *Frederick* v. *State*, 258 Ark. 553, 528 S.W. 2d 362 (1975) and *Barksdale* v. *State*, 262 Ark. 271, 555 S.W. 2d 948 (1977), for the proposition that it is not error for the trial court to fail to instruct the jury on lesser offenses where the evidence clearly shows that the defendant is either guilty of the greater offense charged or innocent.

In *Caton*, the Arkansas Supreme Court held it was not error to refuse instruction of a lesser offense where the evidence "clearly shows" defendant to be guilty of the greater offense or innocent. But there, the Court was being asked to find the old "shoplifting offense" to be included in grand larceny. The Court found it was not *necessarily* included. In *Frederick*, the Supreme Court found it was justified in refusing to reverse for failure to instruct on assault in an assault with intent to rape case ". . . where the *undisputed* evidence shows that the accused was guilty of assault with intent to rape or nothing at all." 258 Ark. at 557. (Emphasis added.) In *Barksdale*, the Supreme Court said refusal to instruct on the lesser offense was justified because the jury could not have reached a decision of guilt on the lesser offense. There, the accused admitted entering the Baptist Student Union building at the University of Arkansas, Pine Bluff, but testified he did so after dark with no intent to commit any offense. He was charged with burglary, a class B felony, and he insisted on an instruction on breaking and entering, a class D felony. This insistence was based on the theory that when he entered the building, it was not occupied, and thus it was a mere "building" (Ark. Stat. Ann. § 41-2203 (Repl. 1977)) rather than an "occupiable" structure (Ark. Stat. Ann. § 41-2002 (Repl. 1977)). His argument seemed to be that he could have been found guilty of breaking and entering, a lesser offense

against property only, rather than burglary, which, according to the Code Commentary after Ark. Stat. Ann. § 41-2003 (Repl. 1977), is an offense against persons rather than property.

Justice Roy found no basis on which the jury could have returned the lesser included offense conviction, as the only issue was the intent of the Appellant rather than the nature of the building, which was unquestionably "occupiable."

Thus in both the *Frederick* and *Barksdale* cases, the evidence on the critical point was not disputed by the accused.

Juxtaposed to these cases, we find *Fike* v. *State*, 255 Ark. 956, 504 S.W. 2d 363 (1974),[1] where the defendant was found guilty of assault with intent to rape. He sought an instruction of the lesser included offense of assault, and that instruction was refused. There the Supreme Court reversed the conviction even though the accused presented no evidence to contradict the story of the prosecuting witness. However, the prosecutrix said the accused did not strike or rape her but did throw her to the ground once after making improper (sexual) advances. There the Court said:

> In the case at bar, it is not questioned that the prosecutrix' testimony is sufficient to sustain the verdict of assault with intent to rape. However, the jury has the sole prerogative to accept all or any part of a witness' testimony whether controverted or not. Therefore, the jury had the absolute right, as the trier of fact, to evaluate the evidence and consider whether only an unlawful assault was committed upon her by appellant or even acquit him. The trial court should have given the instruction relating to the lesser included offense. 255 Ark. at 959.

In *Milburn* v. *State*, 260 Ark. 553, 542 S.W. 2d 490 (1976), the defendant was convicted of possession of marijuana with intent to deliver. One ground for reversal was the trial court's

---

[1]*Fike* v. *State* was specifically distinguished in *Frederick* v. *State* on the basis that in *Frederick* the evidence was undisputed.

error in failing to instruct on the lesser offense of possession. Here again, the Supreme Court concluded the State's own evidence (that accused had been smoking marijuana in the car from which large quantities had been seized) was sufficient to raise the necessity of instructing on the lesser offense. The Supreme Court, in reversing the conviction, said:

". . . (I)t was solely the prerogative of the jury, as the trier of fact, to evaluate the conflicting evidence and draw its own inferences as to why the appellant had the marijuana in his possession." 260 Ark. at 558.

At the conclusion of the trial of the case at hand, when the trial court presented the suggested verdict form, the following colloquy occurred between the judge and Appellant's counsel:

MR. DABNEY: You are offering instruction on a lesser included offense, but there is not one provided in the verdicts.

THE COURT: There is no evidence.

MR. DABNEY: There is evidence the property in his possession was less than $100.00.

THE COURT: It was all in his possession.

MR. DABNEY: But the property he intended to take was less than $100.00.

THE COURT: The evidence is it was all in one cart.

MR. DABNEY: Note our objections to the court's refusal to include the misdemeanor offense in the verdict.

This discussion did not exactly highlight the real issue. The judge's position that the accused was in possession of all the property assumed he knew all of it was unpaid-for and was participating in the theft of both sacks. Appellant's

counsel did not explain to the judge any possible theory supported by Appellant's testimony or the State's evidence, which would justify a conclusion that he did not know all of it was unpaid-for. The only possible theory of that kind is an assumption that Appellant thought when Mike said it was "already taken care of," he meant Mike's was already paid for but Appellant's was not.

It is clear that one may be in possession of stolen property or may actively participate in transporting it without being guilty of an offense, as long as there is no knowledge of the theft or good reason to believe the goods were stolen. Ark. Stat. Ann. § 41-2206 (Repl. 1977). To have committed the offense charged here, or the lesser misdemeanor, Appellant must have "knowingly" taken property. Ark. Stat. Ann. § 41-2203(1)(a) (Repl. 1977). Had Appellant been found to have thought himself in possession of only $80 worth of stolen property, he could have been convicted only of the misdemeanor. Was there a "rational basis " for the jury to have reached that conclusion? We think not. The only evidence in favor of Appellant was his own testimony. If the jury accepted his statement about believing the goods were paid for, it would have concluded he had no intent to steal or knowledge that the items were stolen. After all, that was his contention. If the jury disbelieved Appellant, as it apparently did, it would have had to conclude he was aware all of the property in the cart was stolen. It is just too far-fetched to conclude that when Appellant, according to his own testimony, suggested he and Mike go to the cash register and pay for the goods, he was dissuaded from doing so by Mike's remarks from which he concluded his own "share" of the property had *not* been paid for. The analogy to *Barksdale* v. *State, supra,* is very strong. Here, the disputed issue was the broad question of guilt or innocence, based on whether accused had sufficient intent or knowledge to have committed the crime charged. The crucial issue with respect to the error alleged in failure to instruct on the lesser offense was really undisputed. The State could concede Appellant only had $80 worth in "his" sack, and a conviction would still have to be sustained if there was no rational basis for a jury to determine Appellant intended to participate only in stealing that amount rather than the whole.

This case is difficult, and we are troubled by the confusion which arose at the end of the trial caused by the inconsistent verdict form and instruction. We find, however, that the extra instruction on the misdemeanor was harmless error, and there was no rational basis upon which the jury could have returned a verdict of other than guilty of the offense charged or not guilty.

Affirmed.