Gerald Scott SAVANNAH *v.* STATE of Arkansas

CA CR 82-128                    645 S.W.2d 694

Court of Appeals of Arkansas
Opinion delivered February 2, 1983

162

*Floyd M. Thomas, Jr.* of *Brown, Compton & Prewett, Ltd.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

TOM GLAZE, Judge. Appellant was charged as an accomplice to the aggravated robbery of a liquor store in El Dorado, Arkansas. He was convicted by a jury and sentenced to ten years imprisonment. For reversal, appellant contends the trial judge erred in failing to give the lesser included offenses of (1) theft, (2) conspiracy to commit theft, (3) conspiracy to commit aggravated robbery, (4) conspiracy to commit robbery, and (5) robbery.

First, we may dispose of the first four named offenses because they are not lesser included within the definition of aggravated robbery. Regarding theft, the Supreme Court has specifically so held in the recent cases of *Hill* v. *State,* 276 Ark. 300, 634 S.W.2d 120 (1982); and *Higgins* v. *State,* 270 Ark. 19, 603 S.W.2d 401 (1980). Nor can we agree that lesser included offenses of aggravated robbery include the conspiracy crimes listed by appellant. He was charged as an accomplice to aggravated robbery, and as such, could only be convicted if the State proved the crime was committed. *See* Ark. Stat. Ann. § 41-303 (Repl. 1977) and its Commentary. This would not be so if he had been charged as a conspirator.

A conspiracy is an inchoate offense, and under Arkansas law it is a crime in and of itself. Its elements are set out in Ark. Stat. Ann. § 41-707 (Repl. 1977), as follows:

A person conspires to commit an offense if with the purpose of promoting or facilitating the commission of any criminal offense he:
(1) agrees with another person or other persons:
(a) that one or more of them will engage in conduct that constitutes that offense; or
(b) that he will aid in the planning or commission of that criminal offense; and
(2) he or another person with whom he conspires does any overt act in pursuance of the conspiracy.

To prove a conspiracy existed in the instant case, the State would be required only to show that appellant agreed with another to commit the crime and that either of them performed an overt act in pursuance of committing the crime. A conspiracy offense under the Arkansas Criminal Code is intended to be a separate crime, and liability is not imposed on a conspirator for the substantive offenses that are the object of the conspiracy. *See* Commentary to Ark. Stat. Ann. § 41-707. To the contrary, an accomplice's liability does not attach until the State proves that the substantive crime was completed. For these reasons alone, the trial court was correct in refusing the conspiracy instructions offered by appellant.

Finally, we consider appellant's proposed instruction on robbery which has been held to be a lesser included offense of aggravated robbery. *Hill* v. *State, supra;* and *Hamilton* v. *State*, 262 Ark. 366, 556 S.W.2d 884 (1977). Even though robbery is a lesser included offense, the trial judge was obligated to give the lesser instruction only if there was a rational basis for acquitting appellant of aggravated robbery and convicting him of the lesser offense of robbery. *See* Ark. Stat. Ann. § 41-105 (3) (Repl. 1977), and *Hill* v. *State, supra.* For purposes of this case, aggravated robbery is distinguished from robbery because in the former, the person is, or represents he is, armed with a deadly weapon. In robbery, the person employs or threatens to employ physical force. *See* Ark. Stat. Ann. §§ 41-2102 and -2103 (Repl. 1977). In the instant case, this distinction becomes important if the evidence showed that appellant aided or advised another in planning or committing a robbery but that the other person committed the greater inclusive offense of aggravated robbery. Under these circumstances, appellant's liability would be limited to the lesser included offense of robbery. *See* Ark. Stat. Ann. § 41-303 (Repl. 1977) and its Commentary.

In view of the foregoing authority, we must decide whether there was a rational basis upon which the jury could have found appellant guilty of robbery instead of aggravated robbery. Our courts have consistently held that a trial court commits reversible error when it refuses to give a correct instruction defining a lesser included offense and its

punishment when there is testimony on which the defendant might be found guilty of the lesser rather than the greater offense. *Caton* v. *State,* 252 Ark. 420, 479 S.W.2d 537 (1972); *Brewer* v. *State,* 271 Ark. 254, 608 S.W.2d 363 (1980); and *Bongfeldt* v. *State,* 6 Ark. App. 102, 639 S.W.2d 70 (1982). Such testimony is present here, and we are compelled to reverse because the trial court failed to instruct the jury on robbery.

In his argument, appellant admits some degree of participation in the liquor store robbery. He argues the evidence presented reflects the extent of his participation was, at most, that of a "wheel-man" who drove the car used in the crime. Throughout his testimony, appellant steadfastly denied that he had any knowledge that Willie Berkshire, his riding companion who entered and robbed the store, had a weapon. Appellant testified further that he first became aware that Berkshire had a weapon after the robbery. Appellant related that he had driven past the liquor store when he was asked by Berkshire to pull over so he could "go to the liquor store and check it out." Appellant said that he did not know Berkshire actually intended to rob the store until he returned to the car, pointed a pistol at appellant and said, "Go, go, go." Appellant testified that he drove away at gunpoint, but subsequently wrecked his car; he and Berkshire abandoned the car, went separate directions but met later at appellant's parents' house. Appellant claimed Berkshire left shortly thereafter, leaving his pistol at the house.

The State offered no direct evidence to contradict appellant's denial of knowledge that Berkshire possessed a pistol before the robbery. However, the State did show that the investigating officers on the day of the robbery recovered the pistol and other items from the home of appellant's parents, with whom he lived. Not knowing this, appellant called the police the same day claiming his car had been stolen — a story he recanted upon being told that the police possessed the pistol and other evidence believed were employed in the robbery. The State's evidence arguably and inferentially shows that the pistol actually belonged to appellant, a conclusion worthy of belief especially in view of

the story concocted and told by appellant to the police after the robbery.

Nevertheless, it is the jury's sole prerogative to evaluate the conflicting evidence and to draw its own inferences regarding whether appellant knew Berkshire had a pistol when the robbery was committed and why the pistol was found at appellant's residence after the robbery. *Cf. Milburn v. State,* 260 Ark. 553, 542 S.W.2d 490 (1976). *But see Utley v. State,* 266 Ark. 794, 586 S.W.2d 242 (Ark. App. 1979). If the jury believed and accepted appellant's version of the robbery, it could find that he was guilty of robbery, not aggravated robbery. Thus, we hold the trial court erroneously failed to give robbery as a lesser included offense and we therefore reverse and remand for a new trial.

Reversed and remanded.