William Eugene WILSON *v.* STATE of Arkansas

CA CR 87-200                                         753 S.W.2d 287

Court of Appeals of Arkansas
Division II
Opinion delivered July 6, 1988

128

*Walker, Roaf, Campbell, Ivory & Dunklin*, by: *Larry G. Dunklin*, for appellant.

*Steve Clark*, Att'y Gen., by: *David B. Eberhard*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with aggravated robbery, a violation of Ark. Stat. Ann. § 41-2102 (Supp. 1985) [Ark. Code Ann. § 5-12-103 (1987)]. After a non-jury trial, the court found the appellant guilty of that charge and sentenced him to ten years in the Arkansas Department of Correction. From that conviction, comes this appeal.

For reversal, the appellant contends that his aggravated robbery conviction is not supported by substantial evidence because there was no evidence to show that he knew his accomplices intended to employ a deadly weapon in the robbery. He also contends that the evidence is insufficient to support a conviction even for the lesser included offense of robbery.

We first address the appellant's contention that the evidence was insufficient to support a conviction for the lesser included offense of robbery. A person commits robbery when he employs or threatens to employ physical force upon another with the purpose of committing a theft. Ark. Stat. Ann. § 41-2103 (Repl. 1977) [Ark. Code Ann. § 5-12-102 (1987)]. The charges against the appellant were based on the theory that he participated in the crime as an accomplice. Accomplice liability is governed by Ark. Stat. Ann. § 41-303 (Repl. 1977) [Ark. Code Ann. § 5-2-403 (1987)], which provides that:

> A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, he: (a) solicits, advises, encourages or coerces the other person to commit it; or (b) aids, agrees to aid, or attempts to aid the other

person in planning or committing it. . . .

There was evidence at trial to show that Richard Hessee, the manager of a Pizza Hut restaurant, was robbed at approximately midnight on December 4, 1986. Keith Williams testified that he was present at and participated in the robbery. He also stated that Ricky Cooper was told, by a girlfriend who was formerly employed at the Pizza Hut, that the manager left the restaurant with money bags after locking up. Cooper relayed this information to Williams. Williams further stated that, on December 4, 1986, he, Cooper, and the appellant discussed getting a pizza and drove past the Pizza Hut three or four times in the appellant's car. They then drove to an apartment complex one or two blocks away from the Pizza Hut, where Cooper and Williams knocked on a girlfriend's door. Williams testified that the appellant told him and Cooper to "go get it from the manager," and remained in the car while Cooper and Williams walked to the back of the Pizza Hut; that, when Mr. Hessee came out of the restaurant, Cooper pointed a gun at him; and that they robbed Hessee of his briefcase, ran back to the apartment complex, and drove off with the appellant in the appellant's car. Hessee also testified, stating that he had been robbed in the Pizza Hut parking lot by two men on December 4, 1986; that one of the men pointed a revolver at him while the other frisked him; and that they ran from the parking lot after taking his briefcase, keys, and billfold. Finally, a statement made by the appellant was introduced into evidence. In his statement, the appellant admitted being with Williams and Cooper on the night of the robbery. He stated that the three of them were together at Cooper's girlfriend's house at 11:30 p.m. on December 3, 1986, and that he had overheard Cooper talking about robbing the manager of the Pizza Hut. He also stated that he told Williams and Cooper that he would go with them to the Pizza Hut, but that he would not participate in a robbery; that he took Williams and Cooper to the Pizza Hut shortly after midnight; that he parked about two blocks away from the restaurant; that Williams and Cooper got out of the car, walked toward the Pizza Hut, and came running back to the car fifteen minutes later; that Cooper had twelve dollars in his hand when he returned, and complained because "that guy only had twelve dollars;" and that the three men then left, with Cooper driving the appellant's car.

We first address the question of the sufficiency of the accomplice's (Williams) statement. The testimony of an accomplice on which a conviction is based must be corroborated by other evidence which is substantial, is independent of the statement of the accomplice, and tends to connect the defendant with the commission of the crime. *Kennel* v. *State,* 15 Ark. App. 45, 689 S.W.2d 5 (1985). The corroborating evidence need not be sufficient to support a conviction in and of itself. *Id.* In this case, the appellant's statement and Hessee's testimony adequately establish that a crime was committed, and the appellant's admission that he drove Williams and Cooper to and from the Pizza Hut despite his knowledge that a robbery had been planned connects the appellant with the commission of the crime. Thus, we would find no merit in a contention of insufficient corroboration even had the issue been argued by the appellant.

In reviewing criminal convictions by a court sitting without a jury, we view the evidence and all permissible inferences to be drawn from it in the light most favorable to the State, and we affirm if there is substantial evidence to support the conviction. *Biniores* v. *State,* 16 Ark. App. 275, 701 S.W.2d 385 (1985); *Holmes* v. *State,* 15 Ark. App. 163, 690 S.W.2d 738 (1985). Substantial evidence is evidence which induces the mind to go beyond mere suspicion or conjecture, and is of sufficient force and character to compel a conclusion one way or the other with reasonable certainty. *Dillard* v. *State,* 20 Ark. App. 35, 723 S.W.2d 373 (1987). The appellant in the case at bar has admitted hearing a plan to rob the Pizza Hut discussed, and that he nevertheless drove Williams and Cooper to and from the restaurant. In light of this evidence, and the testimony to the effect that the appellant told the other men to "go get it from the manager," we think the evidence is sufficient to support a conviction for the lesser included offense of robbery. We are unpersuaded by the argument that the appellant's statement to "go get it from the manager" meant only that the appellant wanted Williams and Cooper to go get a pizza. This interpretation of the phrase loses plausibility in light of the appellant's trial testimony that he thought the Pizza Hut was closed when the three men initially drove past it. We think that on this evidence the trier of fact could, without resorting to conjecture, find that the appellant purposefully aided and encouraged Williams to commit robbery.

The appellant next contends that his conviction for aggravated robbery is not supported by substantial evidence. He argues that there was no evidence that he was aware that his accomplices intended to use a gun in the robbery, and that such knowledge is a necessary element of accomplice liability for aggravated robbery. We do not agree.

■ Aggravated robbery is defined as robbery committed by a person armed with a deadly weapon, or by one who represents himself to be so armed. Ark. Stat. Ann. § 41-2102 (Supp. 1985) [Ark. Code Ann. § 5-12-103 (1987)]. Like the appellant in the case at bar, the appellant in *Savannah v. State,* 7 Ark. App. 161, 645 S.W.2d 694 (1983), was convicted of being an accomplice to aggravated robbery but denied knowledge that his accomplice who entered and robbed the store had a weapon. On appeal, he argued that the trial court erred in refusing to instruct the jury on the lesser included offense of robbery. In *Savannah* we noted that:

> For purposes of this case, aggravated robbery is distinguished from robbery because in the former, the person is, or represents he is, armed with a deadly weapon. In robbery, the person employs or threatens to employ physical force. *See* Ark. Stat. Ann. § 41-2102 and -2103 (Repl. 1977). In the instant case, this distinction becomes important if the evidence showed that appellant aided or advised another in planning or committing a robbery but that the other person committed the greater inclusive offense of aggravated robbery. Under these circumstances, appellant's liability would be limited to the lesser included offense of robbery. *See* Ark. Stat. Ann. § 41-303 (Repl. 1977) and its Commentary.

*Id.,* 645 S.W.2d at 696. However, we think that *Savannah* is distinguishable from the situation presented in the case at bar. At issue in *Savannah* was whether, in a jury trial, it was error to refuse to instruct the jury on the lesser included offense of robbery. The essential question there was whether the evidence would permit a finding that the appellant therein intended only to aid or advise another to commit the lesser offense. In contrast, the case at bar arose from a bench trial and presents no question regarding jury instructions; here the question is whether the evidence was insufficient for the fact-finder to find that the

appellant aided or advised others in the commission of the greater offense of aggravated robbery.

The Commentary to Ark. Stat. Ann. § 41-303 (Repl. 1977), cited in *Savannah, supra*, contains the following language:

> If the crime actually committed is a greater inclusive offense of the offense planned, accomplice liability respecting the intended lesser included offense attaches in connection with the aider or advisor.

Accomplice liability is thus defined in terms of the crime which was planned. In the case at bar, there was evidence that a firearm was used in the crime; that the appellant was present when the crime was planned, and that the appellant transported his accomplices to and from the scene. Under these circumstances, we think the evidence was sufficient to permit the fact-finder to infer that the appellant knew that an aggravated robbery was planned, and we hold that the aggravated robbery conviction was supported by substantial evidence.

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.