George BRIZENDINE *v.* STATE of Arkansas

CA CR 81-114                                627 S.W. 2d 26

Court of Appeals of Arkansas
Opinion delivered January 27, 1982

*Henry C. Morris,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. The appellant, George Brizendine, was found guilty by a jury of the criminal act of delivering a controlled substance in violation of Ark. Stat. Ann. § 82-2617 (Supp. 1981). At the trial the State's only evidence concerning the delivery and sale of the substance was elicited from Trooper B. J. Weaver, a state police officer who worked as an undercover narcotic agent. She testified that on January 18, 1980, an informant took her to a pool hall in DeQueen, Arkansas, where they picked up the appellant. They then went to the appellant's house where he sold Trooper Weaver a brown sack of approximately fifteen lid bags of marijuana for a price of $25. The State's evidence

also showed that a chemical analysis of the substance made by the Arkansas Crime Lab established that the substance sold Trooper Weaver by the appellant was marijuana. At the close of the State's case the appellant moved for a directed verdict of acquittal contending that the officer who made the purchase from him was an accomplice, whose testimony as to the sale and delivery was not corroborated and he was therefore entitled to a directed verdict.

It is well settled that under Ark. Stat. Ann. § 43-216 (Repl. 1977) a criminal conviction cannot be sustained upon the uncorroborated testimony of an accomplice. However, our case law is well established that one who buys a controlled substance is not an accomplice of the person who sells or delivers it. *Sweatt* v. *State,* 251 Ark. 650, 473 S.W. 2d 913 (1971); *Long* v. *State,* 260 Ark. 417, 542 S.W. 2d 742 (1976).

*Sweatt* was decided before the adoption of the present criminal code and *Long* thereafter. Both reached the same conclusion. The basis for those rulings was stated in *Sweatt* as follows:

> The person to whom narcotics are sold is not an accomplice of the defendant who is charged with selling the narcotic. *** The reason for holding that the purchaser is not the accomplice of the seller is that the purchaser, if guilty of any crime, is guilty of a crime distinct from that for which the seller is being prosecuted.

In *Long* it was stated:

> Secondly, under the quoted subsection of the Code, the purchaser in this case was not an accomplice, because his conduct was "inevitably incident" to the commission of the offense charged. That is, there cannot be an unlawful sale of a controlled substance unless someone buys it. It is immaterial that this purchaser may have solicited (which is not involved here, as the buyer was not a police officer), it makes no difference whether the

buyer solicited the sale or the seller solicited the purchase. The offense is committed in either situation.

It is therefore well settled that the purchaser cannot be charged or convicted of delivery of a controlled substance and therefore is not an accomplice as the buyer and seller do not share the same criminal purpose. *Cate* v. *State*, 270 Ark. 972, 606 S.W. 2d 764 (1980). Entrapment was not an issue in this case.

The appellant further contends that the trial court erred in not submitting to the jury the question of whether or not an undercover police officer was an accomplice to the crime whose testimony had to be corroborated to sustain appellant's conviction. In *Sweatt* v. *State*, supra, the court expressly held that the giving of such an instruction was error as the purchaser was not an accomplice as a matter of law.

While citing no cases in support of his position, appellant argues that this established rule should not be applicable when the purchaser is engaged in law enforcement. He argues that the relationship between the officer's "bust record" and the possibility of promotion prevents him from being a wholly disinterested witness. We are convinced that the clear intent of the criminal code was to effect the opposite result. While both *Sweatt* and *Long* indicate the possibility of criminal responsibility of a purchaser for an offense separate and distinct from that of the seller, our code includes a protective provision respecting police officers in such situations. Ark. Stat. Ann. § 41-502 (Repl. 1977) makes "justification" a defense to prosecution for an offense. Section 41-503 is as follows:

> 1. Conduct which would otherwise constitute an offense is justifiable when it is required or authorized by law or by judicial decree, or *is performed by a public servant or a person acting at his direction in the reasonable exercise or performance of his official powers, duties or functions.*

In the commentary to that section it is pointed out that our

code section as adopted, is a modification of the proposed Oregon code which limited "justification" to conduct "required or authorized by law or judicial decree." Our enactment added the words "or is performed by a public servant or a person acting at his direction in the reasonable exercise or performance of his official powers, duties or functions." The reasons given for that modification were stated as follows:

> For example, no statute explicitly authorizes a law enforcement officer to purchase narcotics as part of an investigation of criminal drug traffic. Consequently, while it is unlikely in the extreme that a policeman would be criminally prosecuted for such conduct, the commission opted to relax the strict requirements imposed by the language "authorized by law or judicial decree."

It is clear from this commentary that our legislature fully recognized the effectiveness of the undercover agent in combating such offenses which, by their very nature, are committed in surroundings of secrecy. As stated by Justice George Rose Smith in *Sweatt,* a contrary view would make it more difficult for the State to secure convictions for the unlawful sale of drugs, untaxed liquor or other articles which cannot be lawfully sold. We have no inclination to adopt a rule so manifestly unsound.

Affirmed.