Joe GUINN *v.* STATE of Arkansas

CA CR 87-106                                    740 S.W.2d 148

Court of Appeals of Arkansas
Division I
Opinion delivered December 2, 1987
[Rehearing denied December 23, 1987.]

6

*Mark S. Cambiano*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Joe Guinn was charged in separate criminal informations with the crimes of conspiring with others to possess controlled substances with the intent to deliver and conspiring with others to commit arson. As it was shown that the agreement to commit both offenses grew out of the same agreement and continuous conspiratorial relationship, the court ordered the case tried as one conspiracy to commit multiple criminal acts as provided in Ark. Stat. Ann. § 41-709 (Repl. 1977). The appellant was found guilty of having conspired to commit both crimes and brings this appeal. We find sufficient merit in one point advanced for reversal to warrant a new trial.

Appellant contends that the trial court erred in not directing a verdict in his favor because there was no substantial evidence on which a verdict of guilty of conspiring to commit either offense could be based. Where the sufficiency of the evidence is challenged on a criminal appeal, we review that issue first before considering elements of trial error because of the constitutional prohibition against a second trial when a conviction is reversed for a lack of evidence. *Harris* v. *State*, 284 Ark.

247, 681 S.W.2d 334 (1984). We conclude that there was substantial evidence of a conspiracy to commit both offenses.

■ One commits criminal conspiracy if he agrees with one or more other persons that one of them will aid or engage in conduct constituting a criminal offense and one of the conspirators thereafter does an overt act in furtherance of that agreement. Under this section, it is required that the State prove not only that there was an agreement to commit the crime or crimes but also that one of the conspirators did at least a minimal act in furtherance of the agreement.

■ At common law, the gist of a conspiracy was the unlawful combination or agreement, such that one might be convicted of the crime by simply showing that such a confederation existed. *Powell* v. *State*, 133 Ark. 477, 203 S.W. 25 (1918). Our statutes now require the doing of an overt act as an element of all criminal conspiracies. Here, there was evidence that appellant offered to burn Doyle Hall's residence to enable him to collect fire insurance proceeds. After Hall informed police officers of the offer, Officer Ron Lewis was introduced to the appellant as Hall's son and thereafter participated in the negotiations with appellant. There was substantial evidence that an agreement was entered into under which the appellant would cause Hall's residence to be destroyed by fire. Appellant, in a subsequent meeting, admitted in the presence of the officers that he had obtained "help" to assist in the arson and that he had talked with an attorney to obtain the necessary advice and protection for Hall in the prosecution of his insurance claim and in the event of police investigation. We conclude that appellant's statements regarding his efforts to obtain persons to aid in the arson and to establish counsel in prosecuting the claim for insurance were at least substantial evidence of overt acts in furtherance of the conspiracy to commit arson.

■ During the course of the conversations, there was also an agreement that the appellant would purchase ten pounds of marijuana from Officer Lewis and another officer for the purpose of resale by him at other locations. There was evidence that pursuant to that agreement the appellant paid the police officers the sum of $2500.00 in order to obtain the marijuana. There was, therefore, substantial evidence of an overt act on the part of the

appellant to set in motion the conspiracy to possess controlled substances.

■ The appellant further contends that there was no substantial evidence to support the conspiracy because there were no co-conspirators. He argues that, as the police and their agents could not be co-conspirators, and that as one cannot conspire with himself, there was no criminal conspiracy. Arkansas Statutes Annotated § 41-713(2)(b) (Repl. 1977) provides that it is not a defense to prosecution for conspiracy that the person with whom the defendant conspires is immune to prosecution or has feigned agreement. The commentary to that section points out that it is designed to bar a defense based on the fact that other conspirators are not liable for their participation, such as where one of the conspirators is actually working for the police and only pretends to agree to an illegal course of conduct. We find no error.

Although we find no merit in appellant's challenge to the sufficiency of the evidence, we do find a trial error for which the case must be reversed and remanded for a new trial.

The appellant contends that the court erred in ordering the case to trial on an information which did not aver any specific overt acts done in pursuance of the conspiracy. The informations merely averred that "he did thereafter do overt acts in pursuance of said conspiracy." Arkansas Statutes Annotated § 43-2013 (Repl. 1977) provides as follows:

> In trials of indictments for conspiracy, in cases where an overt act is required by law to consummate the offense, *no conviction* shall be had, unless one or more overt acts be expressly *alleged* in the indictment, and *proved* on the trial; but overt acts, other than those alleged in the indictment, may be given in evidence on the part of the prosecution.

(Emphasis added).

■ At the time that section was originally enacted there were conspiracies which did not require proof of overt acts. *See Powell* v. *State, supra.* It therefore applied only to those statutory enactments in which overt acts were required in order to consummate the offense. Arkansas Statutes Annotated § 41-707 (Repl. 1977) now requires proof of an overt act as an element of every

criminal conspiracy, and therefore § 43-2013 applies to all cases involving allegations of criminal conspiracy. Under these two sections, it is required that the State both allege and prove a specific overt act evidencing that the conspiracy has been put in motion, and, provided the issue is properly raised, the failure to both allege and prove such an act is fatal to a conviction. Here, although appellant did not specifically move to quash the information, he did, both before and during trial, seek an order requiring the State to amend its information so as to allege specific overt acts done in furtherance of the conspiracy. The court overruled both motions and appellant was forced to go to trial without that knowledge.

■ The State argues that the appellant knew well in advance of trial the overt acts upon which the State would rely. Appellee argues that any statement made or action taken by any of the conspirators was to be considered an overt act and that the prosecutor had followed his "open file" policy by permitting the appellant to examine everything in it. We cannot conclude that this would meet the requirements of § 43-2013. We conclude that this failure on the part of the State warrants the ordering of a new trial at which the State has in advance specifically alleged overt acts done in furtherance of the conspiracy.

Appellant next argues that State Exhibit No. 1, purportedly the marijuana he attempted to purchase in this case, should not have been admitted into evidence because it was not properly authenticated. He argues that the evidence should have been excluded absent expert testimony that the substance was indeed marijuana. Although we have already found error requiring a new trial, we address this argument because of the likelihood that it will again be made an issue on retrial.

■ To prove the existence of a conspiracy the State was required to show that appellant agreed with another to commit the crime and that one of them performed an overt act in furtherance of that agreement. We have concluded that there was substantial evidence of an agreement and that appellant paid the officers $2500.00 in order to obtain what he thought was marijuana. It was unnecessary for the State to have to prove that the substance was in fact marijuana, as proof of the elements of the offense that is the object of the conspiracy is not required in

order to prove the conspiracy. *See Savannah* v. *State*, 7 Ark. App. 161, 645 S.W.2d 694 (1983).

The appellant also argues that other procedural errors were committed during the trial. As he has failed to abstract for us the evidence on which these arguments are based and has failed to abstract for us both the instructions and the court's rulings on those instructions he contends were erroneously rejected, we do not address them.

Reversed and remanded.

COOPER and COULSON, JJ., agree.