Gerald LEE and Lora Lee *v.* STATE of Arkansas

CA CR 88-156                                        770 S.W.2d 148

Court of Appeals of Arkansas
Division I
Opinion delivered April 26, 1989

*John Wesley Hall, Jr.,* and *Craig Lambert,* for appellant.

*Steve Clark,* Att'y Gen., by: *Joseph V. Svoboda,* Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. By an information filed in Randolph County, Arkansas, appellants Gerald and Lora Lee were charged with the crimes of delivery of a controlled substance and conspiring with one William Smith to engage in a continuing series of offenses of delivery of controlled substances. The jury returned a verdict finding Gerald Lee guilty of both charges. It found Lora Lee guilty of conspiracy but not guilty of delivery. On appeal, the parties advance several points for reversal, which we will discuss separately. We find sufficient merit to warrant reversal in appellant Gerald Lee's contention that the evidence is insufficient to sustain his conviction of *delivery* of a controlled substance, but in all other respects we affirm the jury's verdict.

It was the State's theory of the case that Gerald Lee and William Smith entered into a conspiracy under which it was agreed that Lee would furnish controlled substances to Smith who would in turn sell the contraband and divide the proceeds with Lee. The State further contended that Lora Lee was either an original conspirator or later joined and participated in that conspiracy. The case was submitted to the jury on the theory that

the conspiracy contemplated that the parties would commit a continuing series of offenses, and that on at least one occasion appellants delivered a controlled substance to Smith in Randolph County.

William Smith testified that in March of 1987 he was contacted for the purpose of selling controlled substances for Gerald Lee, and that he thereafter agreed with Lee that Lee would furnish the contraband, Smith would sell it, and the proceeds would be divided. In furtherance of the conspiracy, he had sold over $30,000.00 worth of contraband delivered to him by Lee, and had divided the proceeds with the Lees. Smith stated that each time he delivered proceeds he was furnished with more contraband for sale on the same basis. According to Smith, the contraband was delivered to him by both Gerald and Lora Lee at different times and places. He had delivered the money to Gerald and Lora on some occasions, to Gerald alone on some, and to Lora alone on others. Both Lora and Gerald Lee had brought contraband to his home in Jackson County and, on at least two occasions, deliveries to Smith took place in appellants' home in Randolph County, where appellants kept a supply of contraband in a freezer.

Smith also testified to various specific incidents demonstrating the conspiracy and Gerald Lee's participation therein. Most material aspects of that testimony were corroborated by a number of witnesses.

Vivian Smith testified that her husband had sold "dope" for Lee on a large scale and obtained deliveries of it from both of the Lees in various places. She stated that the deliveries were made in Randolph County on at least two occasions in exchange for the proceeds of previous sales. She also testified that the supply of contraband was kept in a freezer in the Lees' home in Randolph County. Although she admitted going along with her husband on several trips, she denied any participation in the conspiracy.

## I. DELIVERY

Appellant Gerald Lee first contends that his conviction for delivery of a controlled substance cannot be sustained because the evidence against him consisted solely of uncorroborated accomplice testimony. We agree.

Arkansas Code Annotated § 16-89-111(e)(1) (1987) (formerly Ark. Stat. Ann. § 43-2116 (Repl. 1977)) provides that a conviction cannot be had in the case of a felony on the testimony of accomplices unless that testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense. It requires more than testimony sufficient to show that the offense was committed. Evidence corroborating the testimony of an accomplice must tend to connect the accused with the crime and must be independent of the evidence given by the accomplice. Such corroborating evidence may be circumstantial so long as it is substantial, but need not be of such a substantial character as to support a conviction without the testimony of the accomplice. *Bly* v. *State*, 267 Ark. 613, 593 S.W.2d 450 (1980).

Although the trial court denied appellant's motion for a directed verdict on this ground, it instructed the jury that William and Vivian Smith were accomplices to the crime of delivery as a matter of law, and that appellant could not be convicted of delivery unless their testimony relating to the delivery in Randolph County was corroborated. However, there was no evidence to corroborate the testimony of William and Vivian Smith that the alleged delivery in Randolph County ever took place, much less any tending to connect Gerald Lee to it. Other than that of the Smiths, the only evidence of any delivery came from persons who testified that they saw a delivery by Lee in the Smith home, which was affirmatively shown to be in Jackson County, and a delivery to Smith in Craighead County. Neither of these deliveries, however, was the one for which appellant was tried and convicted. Accordingly, appellant Gerald Lee's conviction for delivery of a controlled substance must be reversed and dismissed.

While we are not in agreement with the trial court's statement that one who buys a controlled substance is an accomplice of a person who sells or delivers it as a matter of law,[1] no objection was made to the instruction when given and the State

---

[1] *See Sweatt* v. *State*, 251 Ark. 650, 473 S.W.2d 913 (1971); *Barnes* v. *State*, 15 Ark. App. 153, 691 S.W.2d 178 (1985); and *Brizendine* v. *State*, 4 Ark. App. 19, 627 S.W.2d 26 (1982), which hold that one who accepts delivery of a controlled substance is not an accomplice of the deliverer.

does not argue on appeal that it was incorrect.

## II. CONSPIRACY

■■ Arkansas Code Annotated § 5-3-401 (1987) (formerly Ark. Stat. Ann. § 41-707 (Repl. 1976)) provides:

A person conspires to commit an offense if with the purpose of promoting or facilitating the commission of any criminal offense:

(1) He agrees with another person or other persons:

(A) That one (1) or more of them will engage in conduct that constitutes that offense; or

(B) That he will aid in the planning or commission of that criminal offense; and

(2) He or another person with whom he conspires does any overt act in pursuance of the conspiracy.

Under this section, the State is required to prove both that there has been an agreement of the parties to commit the crimes and that one of the conspirators did at least a minimal act in furtherance of that agreement. *See Guinn* v. *State*, 23 Ark. App. 5, 740 S.W.2d 148 (1987). Due to the very nature of a criminal conspiracy, the prosecution is seldom able to present direct evidence of the criminal agreement. It is, therefore, not necessary that a conspiracy to commit an unlawful act be shown by direct evidence. It may be proved by circumstances and the inferences drawn from the course of conduct of the alleged conspirators. *Griffin* v. *State*, 248 Ark. 1223, 455 S.W.2d 882 (1970); *Shamlin* v. *State*, 23 Ark. App. 39, 743 S.W.2d 1 (1988).

■■ The conspiracy may be inferred, even though no actual meeting among the parties is proved, if it be shown that two or more persons pursued by their acts the same unlawful object, each doing a part so that their acts that were apparently independent were in fact connected. *Griffin* v. *State*, *supra*. Where the combination of persons to do an unlawful act is shown, each of them is liable for the acts of the others acting in furtherance of the plan where it terminates in a criminal result. *Caton* v. *State*, 252 Ark. 420, 479 S.W.2d 537 (1972).

## A.

Both appellants contend that their convictions for conspiracy cannot be sustained because the evidence of William and Vivian Smith was not sufficiently corroborated. However, appellants do not argue at this juncture (and appellant Gerald Lee never does) that the corroborating testimony was not sufficient to establish the crime and their connection to it. They argue only that there was no corroboration that any overt act in furtherance of the conspiracy was committed in Randolph County. This argument must fail.

Accomplice evidence of overt acts occurring within the county is not required to be corroborated. The corroboration required by § 16-89-111(e)(1) relates to the material facts that go to "the identity of the defendant in connection with the crime." *Gardner v. State*, 263 Ark. 739, 749, 569 S.W.2d 74, 79 (1978). The statute is directed toward proof of the criminal offense and not to venue or jurisdictional facts, for which corroboration is not required. *Id.*

Moreover, although a person accused of criminal conduct is entitled to a jury trial in the county where the offense was committed, the State is not required to offer *any* proof that the offense was committed in the county of prosecution unless the evidence affirmatively shows that it was not. Ark. Code. Ann. § 5-1-111(b) (1987) (formerly Ark. Stat. Ann. § 41-110(2) (Repl. 1977)). Lack of proof that proper venue is in the county of prosecution is not the equivalent of an "affirmative showing." *Gardner v. State, supra; Johnson* v. *State*, 254 Ark. 703, 495 S.W.2d 845 (1973); *Baggett* v. *State*, 15 Ark. App. 113, 690 S.W.2d 362 (1985). Under Ark. Code Ann. § 5-3-407 (1987) (formerly Ark. Stat. Ann. § 41-712 (Repl. 1977)), proper venue for a conspiracy prosecution is any county where an overt act in furtherance of the conspiracy is alleged to have occurred. Here, not only was there no affirmative showing that no overt act was committed in Randolph County, but the Smiths testified that appellants did commit overt acts there.

## B.

Appellant Gerald Lee further contends that his conviction for conspiracy was contrary to the provisions of Ark. Code. Ann. §

5-1-110(a)(2) (1987) (formerly Ark. Stat. Ann. § 41-105(1)(b) (Repl. 1977)), because he could not be convicted of both conspiracy and the underlying substantive offense of delivery of a controlled substance. On the facts of this case, this argument must fail for at least two reasons.

In the first place, we conclude that the issue is moot. Appellant Gerald Lee no longer stands convicted for delivery of a controlled substance, as we have in this opinion reversed and dismissed that conviction on other grounds.

However, in any event, § 5-1-110 does not prohibit convictions for both offenses in this case. That section provides that, when the same conduct of a defendant may establish the commission of more than one offense, he may be prosecuted for all of the offenses but convicted of only one if one offense consists *only* of a conspiracy, solicitation, or an attempt to commit the other. The commentary to that section (found after Ark. Stat. Ann. § 41-105 (Repl. 1977)), which we find persuasive, states that the word "only" used in § 5-1-110(a)(2) refers to those conspiracies in which the consummated offense was the sole object of the conspiracy. It has no application to a conspiracy to commit a continuing series of offenses. The commentary states as an example: "[T]he person who agrees with others to engage in the continuing sale and distribution of drugs may be convicted of both conspiracy and a completed drug sale." Here, the evidence showed that the conspiracy contemplated the commission of a series of criminal acts, not merely the single transaction. There was testimony that, pursuant to the conspiracy, offenses involving at least $30,000.00 were committed in three or four counties over a period of time.

## C.

Appellant Lora Lee contends that she could not be convicted of the crime of conspiracy because the only testimony connecting her with the conspiracy is that of William Smith and his wife, Vivian Smith, who she contends were "accomplices to the alleged conspiracy as a matter of law." We disagree.

Ordinarily, the question of whether a witness is an accomplice is a mixed question of fact and law and must be submitted to the jury where the evidence is in dispute. *Woodward*

v. *State*, 16 Ark. App. 18, 696 S.W.2d 759 (1985); *Shrader* v. *State*, 13 Ark. App. 17, 678 S.W.2d 777 (1984). Here, the jury was properly instructed on and had submitted to it the factual issue of whether or not various other witnesses were accomplices to the conspiracy. However, Vivian Smith's name was not included, nor requested to be included, in that instruction, and appellant requested neither a directed verdict on that issue nor an instruction naming Vivian Smith as an accomplice as a matter of law. Appellant contented herself by requesting a directed verdict on the "whole evidence." If she had desired an instruction or directed verdict on that issue, it was her duty to request it, and, failing to do so, she waived the issue of Vivian Smith's accomplice status and is in no position now to complain on this basis. *Trotter* v. *State*, 215 Ark. 121, 219 S.W.2d 636 (1949); *Morris* v. *State*, 197 Ark. 778, 126 S.W.2d 93 (1939).

In any event, although the evidence of William Smith establishes that he was a co-conspirator and accomplice to the alleged conspiracy as a matter of law, that of Vivian Smith stands in an entirely different posture. In view of her assertion that she did not participate in the selling of the drugs or the conspiracy, but merely accompanied her husband, the issue of whether she was an accomplice constituted at most a question of fact. On the evidence presented, the jury could have found that Vivian Smith was not an accomplice and that her testimony need not be corroborated. She testified to facts from which the jury could infer that appellant Lora Lee had been a participant in the conspiracy. Therefore, the testimony of Vivian Smith, standing alone, was sufficient to support the verdict as to appellant Lora Lee. It also served to fully corroborate William Smith's testimony.

## III. ALLEGED TRIAL ERRORS

### A.

Appellants called four character witnesses who gave both reputation and personal opinion evidence that appellants had good reputations in their community. The testimony was not restricted to appellants' reputations for truth and veracity but was directed at their reputations generally. On cross-examination, the State was permitted to ask these witnesses if they had heard that Gerald Lee had been convicted of burglary and theft

and had on other occasions threatened people's lives, once while holding a pistol to the person's head. The State also asked each of them if he had heard that Lora Lee had shot her husband five times. All but one of the witnesses testified that they were aware of all of those facts. The one remaining witness stated that he was aware of all but one of the facts. Appellants contend that this questioning was improper, irrelevant, and offered only for the purpose of inflaming the jury. We do not agree.

Rules 404(a)(1) and 405(a) of the Arkansas Rules of Evidence permit an accused to initiate evidence of his character or a pertinent character trait by reputation or opinion evidence. However, when he puts his character in evidence, inquiry into relevant, specific instances of conduct is allowable on cross-examination. Ark. R. Evid. 405(a). The purpose of cross-examination of a character witness is not to attack the character or credibility of the accused, but to ascertain the witness's awareness of things having a bearing on the reputation for which the witness has vouched. The only limitation this rule places on cross-examination is that the facts inquired into be relevant to the issue of character. If the witness has never heard that the accused has previously been convicted of a crime or engaged in violent misconduct, then the witness's credibility suffers. If he has heard or knows of such facts but disregards them in forming his opinion or testifying to one's reputation, that may legitimately go to the weight to be given the opinion or reputation evidence. *Reel v. State*, 288 Ark. 189, 702 S.W.2d 809 (1986). *See also* E. Cleary, *McCormick on Evidence* § 191, at 569 (3d ed. 1984).

The witnesses testified that the appellants' reputations in the community were good, and, in their opinions, those reputations were earned. The fact that appellant Gerald Lee had been convicted of burglary and theft would certainly be relevant to those witnesses' opinions and bases for knowledge of his reputation for truth and veracity. The fact that both appellants had been engaged in acts or threats of violence would be relevant to the witnesses' opinions and knowledge of appellants' reputations for being law-abiding citizens. We find no error.

Appellant Gerald Lee also contends, however, that the court should not have allowed the witnesses to be questioned about his conviction for burglary and theft because it was forty

years old and therefore irrelevant. We initially note that, when the questions concerning the conviction were asked and answered, appellant objected only on the grounds that the conviction was "more than ten years old." It was not until the close of the case that counsel for appellant asserted that the conviction was forty years old. While cross-examination of a witness about his own convictions that are more than ten years old is not allowed under Ark. R. Evid. 609, that rule has no application to the facts of this case. *See Reel* v. *State, supra.* This case is governed by Rule 405, which contains no such limitation but merely requires that the evidence be relevant. We cannot conclude that the character witnesses' knowledge of a conviction "more than ten years old" was irrelevant or that its probative value was substantially outweighed by the danger of unfair prejudice.

Furthermore, documentary evidence of that conviction was not introduced. The witnesses were simply asked if they knew that appellant had been previously convicted. Appellant has not pointed out to us what in the record reflects when the conviction was obtained, or any other basis for his assertion that it occurred more than forty years ago. The burden is on the appellant to bring up a record and abstract thereof sufficient to demonstrate that the trial court was in error. *Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980). We conclude that he has failed in that burden.

Nor do we find merit in appellants' contention that the questions were not asked in good faith. As stated in *McCormick, supra,* this provision for cross-examination "is replete with possibilities for prejudice" and might result in the asking of questions which have no foundation in fact but which implant in the minds of the jury that insinuation or innuendo is true. It further recites the practice in many courts to have an in-chambers determination that the questions have some basis in fact before they are asked. While that was not done here, appellants' argument is hardly applicable to this case, because all but one witness admitted that he was aware of all of those matters about which the inquiries were made, and this negated any basis for an argument that the inquiries were merely suggestive or based on insinuation or innuendo. While one witness testified that he was not aware of one act, it was stated by appellants' own counsel that the information about which the prosecutor inquired was con-

tained in the file. It therefore was not a product of the prosecutor's imagination.

B.

While testifying about the mechanics of the conspiracy, William Smith testified that Gerald Lee had delivered Dilaudid as well as methamphetamine to him. Appellants objected on the grounds that they were not charged with delivery of Dilaudid but only with delivery of methamphetamine. The trial court found the evidence irrelevant to the charges of delivery but relevant to the charges of conspiracy. At the request of counsel for appellants, the trial court instructed the jury that it could not consider the testimony as evidence of the delivery with which appellants were charged but only as evidence as to the conspiracy. Appellants now contend that the evidence of a delivery of Dilaudid constituted evidence of "other bad acts" in violation of Ark. R. Evid. 404(b) because they were charged with conspiracy to deliver *methamphetamine*. The view we take of the case makes it unnecessary for us to address this argument on its merits.

This argument is based on the assumption that appellants were charged with conspiracy to deliver methamphetamine, not Dilaudid. However, a reading of the amended information shows this basic premise to be unfounded. Count One of the amended information charged appellants with conspiracy to deliver a "Schedule II controlled substance." Methamphetamine was never mentioned until the State, as required by Ark. Code Ann. § 16-89-112(b) (1987) (formerly Ark. Stat. Ann. § 43-2013 (Repl. 1977)), alleged overt acts done in furtherance of the conspiracy. Although that statute requires that a specific overt act be alleged in the information, *see Guinn* v. *State*, 23 Ark. App. 5, 740 S.W.2d 148 (1987), it also clearly states that "overt acts other than those alleged in the indictment may be given in evidence on the part of the prosecution." Here, both methamphetamine and Dilaudid (hydromorphone) are Schedule II controlled substances, and, therefore, proof that appellant Gerald Lee delivered Dilaudid to Smith pursuant to the conspiracy was properly admitted as direct evidence of the conspiracy with which appellants were charged. The delivery of Dilaudid was not "other crimes evidence" but evidence of an overt act, other than that alleged in the information, done in

furtherance of the conspiracy.

## C.

During the trial, appellants objected to leading questions propounded by the State on nine occasions. Each objection was sustained, and, on the sole occasion that counsel requested that an answer be stricken, that request was granted. At no other time was there a request that an answer be stricken, that counsel be admonished with regard to leading questions, or that any other action be taken by the court. For the first time on appeal, appellants urge that the trial court's failure to impose sanctions *sua sponte*, by striking questions, refusing to allow counsel to reask, holding counsel in contempt, or declaring a mistrial, warrants reversal of the case. We disagree.

The trial court is vested with a wide latitude of discretion with regard to admission of leading questions, and its rulings will not be disturbed on appeal unless there has been an abuse of discretion. *Hamblin* v. *State*, 268 Ark. 497, 597 S.W.2d 589 (1980). We cannot agree with appellants' contention that the facts of this case are analogous to those presented in *Alexander* v. *Chapman*, 289 Ark. 238, 711 S.W.2d 765 (1986). There, a retrial was ordered because counsel repeatedly ignored the court's admonishments with regard to leading questions and the court refused to take any action on appellant's request that these prejudicial trial tactics be controlled. There were at least twenty-eight objections to questions which were framed in the form of statements of counsel and which in effect submitted his evidence to the jury rather than that of the witnesses. According to quotations from evidence contained in that opinion, there were many more leading questions asked by counsel to which no formal objection was interposed. The court constantly admonished counsel to cease the practice but to no avail. The appellant's motion that the court impose sanctions or strike the witnesses' testimony was refused, but the violations continued. The trial court conceded that it could not or would not take any action beyond the admonishment. The supreme court stated that it was presented with a unique situation in which the trial court was wholly unwilling or unable to control the improper conduct by counsel. The trial court was reversed for failing to take such action to correct this and other improper tactics of counsel, and

the matter was remanded for retrial.

▮ Here, the leading questions did not rise to the prejudicial level of those in *Alexander*, and in most instances were not a substitution of counsel's statements for witnesses' evidence. At most, several were repetition of the witnesses' testimony or correction of it in minor details. Appellants' counsel was content with the rulings he asked for and obtained on those objections, and no requests for admonishment of counsel or any other sanctions were made. While we agree that a trial court has an obligation to control trial tactics that tend to substitute counsel's evidence for that of his witness and leave the jury with prejudicial impressions, we cannot conclude that the conduct of trial counsel or the questions asked here reached the prejudicial level found in *Alexander*, or that the trial court otherwise committed prejudicial error by not acting *sua sponte* under the circumstances of this case. See also *Ronning* v. *State*, 295 Ark. 228, 748 S.W.2d 633 (1988).

Appellant Gerald Lee's conviction for delivery of a controlled substance is reversed and dismissed. Appellants' convictions for conspiracy are affirmed.

MAYFIELD and ROGERS, JJ., agree.