Donald MOBBS *v.* STATE of Arkansas

CR 90-34                                          792 S.W.2d 601

Supreme Court of Arkansas
Opinion delivered July 16, 1990

*Joe O'Bryan*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor Gen., for appellee.

ROBERT H. DUDLEY, Justice. Amended A.R.Cr.P. Rule 36.4 became effective July 1, 1989. It provides that following the conviction and sentencing the trial judge must address the defendant personally and advise him: (1) that if he wishes to assert his attorney was ineffective, he must file a motion for a new trial within thirty (30) days, and (2) if such a motion is filed, and if it asserts facts sufficient to raise an issue concerning ineffective assistance of counsel, the motion must be heard, and the defendant will have thirty (30) days after the ruling on the motion in which to appeal. *In re Abolishment of A.R.Cr.P. Rule 37 & the Revision of A.R.Cr.P. Rule 36*, 299 Ark. 573, 770 S.W.2d 148 (1989) (per curiam). In this case the appellant was found guilty of incest and sentenced on July 18, 1989. He was correctly advised of the contents of amended Rule 36.4 and timely filed a letter motion alleging ineffectiveness of counsel. No

action was taken on the motion. Appellant now seeks direct appeal on three assignments of error, as well as post-conviction relief on the motion. We do not reach the merits of the direct appeal or the post-conviction appeal because we must remand to the trial court for consideration of appellant's post-conviction motion.

Appellant's motion, being timely filed, should have been addressed by the trial court. Because this is the first case to reach us since the change in post-conviction procedure was announced in *Whitmore* v. *State*, 299 Ark. 55, 771 S.W.2d 266 (1989), and was adopted in *In re Abolishment of A.R.Cr.P. Rule 37 & the Revision of A.R.Cr.P. Rule 36*, 299 Ark. 573, 770 S.W.2d 148 (1989) (per curiam), we take this opportunity to point out that our purpose in making the change in post-conviction procedure was to shorten, or compact, the period in which a convicted defendant may claim ineffective assistance of counsel. If a defendant does not make such an allegation within the thirty (30) day period of limitation, he is barred from asserting such a claim in state court.

If a defendant timely makes such a claim, the trial court should forthwith appoint a new attorney for the defendant, because it will be necessary for that new attorney to prosecute the post-conviction motion in the trial court. If there is an appeal, that same new attorney will then handle the direct appeal as well as the post-conviction appeal.

The object of providing a post-conviction remedy is to discover the relatively few cases in which a defendant genuinely has been deprived of his constitutional rights, as distinguished from the great mass of cases which are legally and factually meritless and, in truth, are nothing more than inmate games. Our hope is that by shortening the period for making such a claim, the events of the trial or guilty plea will be fresher in the minds of the participants, especially the defense attorneys, and the defendants will be a little less likely to play games.

Remanded for further proceedings consistent with this opinion.

HAYS, J., dissents.