Stanley PRESTON *v.* STATE of Arkansas

CR 90-92                                             792 S.W.2d 599

Supreme Court of Arkansas
Opinion delivered July 16, 1990

*Joel O. Huggins,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint Miller,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant was convicted of burglary. He does not seek to appeal directly from that judgment of conviction, but instead seeks to appeal from an alleged denial of post-conviction relief. We remand for further proceedings.

In *Whitmore v. State,* 299 Ark. 55, 771 S.W.2d 266 (1989), we announced a change in post-conviction procedure, and, in *In re Abolishment of A.R.Cr.P. Rule 37 & the Revision of A.R.Cr.P. Rule 36,* 299 Ark. 573, 770 S.W.2d 148 (1989) (per curiam), adopted the announced change and made the amended rule effective July 1, 1989. The amended rule is A.R.Cr.P. Rule 36.4. The conviction and sentence in this case occurred after the effective date of the amended rule.

Appellant contends that the trial court erred, first, in failing to comply with A.R.Cr.P Rule 36.4 by not addressing him personally to advise him that he had thirty (30) days following his conviction and sentence to assert ineffective assistance of counsel, and second, in denying him a hearing on his allegation of ineffective assistance.

The State conceded the first point which is that the trial court failed to advise the appellant personally of the necessity of

asserting ineffective assistance of counsel within thirty (30) days. However, within thirty (30) days appellant filed a pleading asserting that trial counsel was ineffective. Thus, no prejudice resulted from the trial court's noncompliance with A.R.Cr.P. Rule 36.4.

We remand on the second point which is that it was error to deny a hearing upon the allegation of ineffective assistance. As previously set out, the appellant filed a motion for new trial asserting ineffective assistance of counsel. When he did that, the original attorney, Bill J. Davis, petitioned the trial court to be allowed to withdraw. The trial court did not appoint a new attorney for the appellant, *see Mobbs* v. *State*, 303 Ark. 98, 792 S.W.2d 601 (1990), but instead, simply allowed Mr. Davis to withdraw. In the order allowing withdrawal, the trial court wrote: "The Court is of the opinion that Mr. Davis was not ineffective at the trial of this cause. The allegations of the defendant at this time [about ineffective assistance] mandate the granting of the motion. It is therefore ordered that the motion of Bill J. Davis to withdraw as counsel be and same is granted." The trial judge was not granting the motion for a new trial based on ineffective assistance of counsel, but instead, was only granting the motion to withdraw. The order does not contain a ruling on the motion for a new trial and the language about Mr. Davis's effectiveness can only be regarded as surplusage to the order allowing withdrawal. Thus, the trial court has not yet ruled on the motion for a new trial based on ineffective assistance, and so there is no appealable order. Accordingly, we remand for a ruling concerning the effective assistance of counsel. Even if we should construe the order to be an order denying a motion for new trial, as the appellant argues, we would still remand for a full finding of fact and written ruling.

Upon jurisdiction being reinvested in the trial court, a new lawyer should be appointed to represent the appellant. If the trial court finds the petition does not assert sufficient facts to raise an effectiveness issue, it may so rule. If the trial court finds the petition does state sufficient facts to raise such an issue, a hearing should be held. The hearing at that stage need not necessarily be a formal one, because if the pleadings, files, and records of the case conclusively show that the petitioner is not entitled to relief, the court may so rule. If, however, the pleadings and records do not so

show, a formal hearing must be held. Of course, a final order must be entered.

Remanded for further proceedings consistent with this opinion.

HAYS, J., dissents.