Michael Steven LOONEY *v.* STATE of Arkansas

CA CR 90-37                         798 S.W.2d 452

Court of Appeals of Arkansas
Division II
Opinion delivered November 14, 1990

*Zachary P. Muncy*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y

Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Michael Steven Looney appeals from his conviction of two counts of delivery of a controlled substance. He was sentenced on October 10, 1989, to consecutive seven-year terms in the Arkansas Department of Correction and fined $24,000.00.

Appellant contends that the trial court erred by failing to address him personally and advise him of his rights concerning a motion for a new trial based on the ground that his counsel was ineffective, as now required by Ark. R. Crim. P. 36.4. The record discloses that he was not so advised. He goes on to argue for the first time on appeal that his counsel was, in fact, ineffective for failing to properly investigate appellant's mental condition prior to trial; failing to subpoena certain witnesses; and failing to move for a directed verdict.

We find merit in appellant's contention that the trial court erred in not advising him of his right to raise the issue of ineffective assistance of counsel and the manner in which it must be raised. We do not agree, however, that that error warrants reversal of his conviction, but we do remand the case to the trial court for compliance with the provisions of Ark. R. Crim. P. 36.4.

Prior to the adoption of the amendment to Rule 36.4, the proper method for preserving for direct appeal the issue of ineffective assistance of counsel was by motion for a new trial. If, however, the issue was not properly preserved for appeal, it could be raised in a motion for post-conviction relief under Ark. R. Crim. P. 37, then in effect. In either case, an evidentiary hearing on the issue was required in order to "better equip" the appellate court to review the sufficiency of the representation. *Knappenberger v. State*, 278 Ark. 382, 647 S.W.2d 417 (1983); *Hilliard v. State*, 259 Ark. 81, 531 S.W.2d 643 (1976).

Amended Ark. R. Crim. P. 36.4 became effective July 1, 1989, the same time that the provisions for post-conviction relief under Rule 37 were abolished, and was in effect when appellant was sentenced. Rule 36.4 now provides that, following the conviction and sentencing, the trial judge must address the defendant personally and advise him: (1) that if he wishes to assert that his attorney was ineffective, he must file a motion for a

new trial within thirty days; and (2) if such a motion is filed, and if it asserts facts sufficient to raise an issue concerning ineffective assistance of counsel, the motion must be heard. The defendant is given thirty days after the ruling on the motion in which to appeal. *In the Matter of the Abolishment of Rule 37. and the Revision of Rule 36. of the Arkansas Rules of Criminal Procedure*, 299 Ark. 573, 770 S.W.2d 148 (1989).[1]

■ The purpose of Rule 37 was to provide a procedural method by which one's constitutionally guaranteed right to effective assistance of counsel could be protected. The only manner in which that right can now be protected in our state courts is by the procedure provided in Rule 36.4. Because appellant was not notified of the manner in which to assert the denial of that right, and did not assert it, the case must be remanded to the trial court where his claim of ineffective assistance may be asserted and disposed of in the manner required by Rule 36.4. As we conclude that the issue of ineffective assistance of counsel has not been properly preserved, we do not address appellant's particular complaints on their merits.

Remanded for further proceedings consistent with this opinion.

COOPER and MAYFIELD, JJ., agree.

---

[1] We note that the supreme court subsequently abolished that part of Ark. R. Crim. P. 36.4 with which we are concerned here and readopted a modified version of Ark. R. Crim. P. 37, effective January 1, 1991. *See In the Matter of the Reinstatement of Rule 37 of the Arkansas Rules of Criminal Procedure, as Revised, and the Amendment of Rule 26.1 and Rule 36.4 of the Arkansas Rules of Criminal Procedure*, 303 Ark. 746, 797 S.W.2d 485 (1990).