John Stephen HILL *v.* STATE of Arkansas

CA CR 90-292                                         806 S.W.2d 627

Court of Appeals of Arkansas
En Banc
Opinion delivered March 27, 1991

*Jim Hamilton*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

PER CURIAM. John Stephen Hill has appealed from his conviction of two counts of possession of a controlled substance with intent to deliver, for which he was sentenced on July 19, 1990. At that time, Ark. R. Crim. P. 36.4 provided that when sentence was pronounced the trial judge had to personally advise the defendant of his right to assert ineffective assistance of counsel and the manner in which to do so.

The attorney general has filed this motion, stating that the record in this case fails to disclose that the trial court advised appellant of his rights with regard to the issue of ineffective assistance of counsel, and praying that the case be remanded with directions that the trial court now comply with the rule. In support of its motion, the State contends that *Looney* v. *State*, 32 Ark. App. 191, 798 S.W.2d 452 (1991), requires remand of all cases in which the trial court has failed to comply with that rule, so as to afford the accused an opportunity to assert a claim of

ineffective assistance if he so desires. We do not agree that *Looney* so held.

In *Looney*, the appellant was not advised of the manner in which the issue of ineffective assistance might be raised, but he attempted to raise that issue for the first time on appeal. Under those circumstances, we held that the failure to comply with Rule 36.4 required that the case be remanded to the trial court, where the appellant's claim of ineffective assistance could be asserted and disposed of as provided in that rule.

Here, on the other hand, appellant's brief raises only the issue of whether the trial court erred in denying his motion to suppress evidence. He does not contend that the trial court erred in failing to comply with the rule in question or assert that he was, in fact, denied effective assistance of counsel. Nor has he filed a motion seeking remand. In the absence of some showing that appellant wishes to raise the issue of ineffective assistance, there is no demonstration that the trial court's error resulted in prejudice.

Motion denied.