Johnnie Michael COX *v.* STATE of Arkansas

CR 91-16                                          807 S.W.2d 665

Supreme Court of Arkansas
Opinion delivered May 13, 1991

*Paul Petty*, for appellant.

No response.

PER CURIAM. The appellant in this case was sentenced to death for capital murder on June 30, 1990, and received a Rule 36.4 warning at time of sentencing. Counsel for the appellant then moved to withdraw. On July 26, 1990, the appellant filed his motion, *pro se*, within thirty days of sentencing in support of his

counsel's motion to withdraw. He further moved to proceed under Rule 37 and for the appointment of new counsel "to file an appeal for ineffective assistance of counsel." (Though Rule 36.4 was then in effect he couched his motion in terms of Rule 37.) His reference to Rule 37 implies a request for a new trial on grounds of ineffective counsel, and we treat it as such. The trial court refused to grant his motion for post conviction relief and appointment of new counsel by order dated July 27, 1990, and gave as one reason the fact that the appellant had not made specific allegations of ineffective assistance in his motion.

We denied counsel's motion to withdraw on March 18, 1991, but did not consider the denial of post conviction relief at that time.

▮ Counsel for the appellant have now filed an amended motion to withdraw and cite as authority *Mobbs* v. *State*, 303 Ark. 98, 792 S.W.2d 601 (1990). In *Mobbs*, we said if a convicted defendant makes a timely Rule 36.4 claim, the trial court should forthwith appoint a new attorney to prosecute the post conviction motion in the trial court and the direct appeal as well.

We agree that the *Mobbs* rationale is persuasive in this case and that new counsel should be appointed to represent the appellant in his direct appeal and with respect to any other proceedings in connection with his claim for post conviction relief. Counsel's motion to withdraw is granted.

Remanded for further proceedings consistent with this opinion.