Stanley PRESTON *v.* STATE of Arkansas

CR 90-92                                    815 S.W.2d 389

Supreme Court of Arkansas
Opinion delivered September 16, 1991
[Rehearing denied October 21, 1991.]

*Burbank, Dodson & McDonald*, for appellant.

*Winston Bryant*, Att'y Gen., *Catherine Templeton*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Stanley Preston, was tried by jury and convicted of burglary on July 18, 1989. In a bifurcated habitual felon proceeding the jury returned a sentence of 21 years. Preston filed a timely *pro se* motion pursuant to Ark. R. Crim. P. 36.4 raising approximately 13 allegations of ineffective assistance of counsel. Preston's trial counsel moved to withdraw, and the motion was granted without a hearing. No new counsel was appointed, and no order denying a new trial was entered, although in the order permitting trial counsel to withdraw the Court stated that he did not find trial counsel to have been ineffective. Preston appealed this order. We remanded, *Preston v. State*, 303 Ark. 106, 792 S.W. 2d 599 (1990), due to the lack of a final order, and we wrote:

> [A] new lawyer should be appointed to represent the appellant. If the trial court finds the petition does not assert sufficient facts to raise an effectiveness issue, it may so rule. If the trial court finds the petition does state sufficient facts to raise such an issue, a hearing should be held. The hearing at that stage need not necessarily be a formal one, because if the pleadings, files and records of the case conclusively show that the petitioner is not entitled to relief, the court may so rule. If, however, the pleadings and records do not so show, a formal hearing must be held.

The trial court set a hearing and appointed new counsel on the morning of that hearing. The newly appointed attorney only had time to read the *pro se* petition and had no opportunity to review the record. He had not been at the trial or spoken with trial counsel prior to the hearing. At the hearing Preston was given an opportunity to read and expand on his ineffectiveness allegations and former counsel was given an opportunity to refute them. At the conclusion of the recitation the Trial Court stated he would review the transcript and files and determine whether the allegations merited a formal hearing. Following this review he decided the allegations did not warrant a hearing and issued an order with specific fact findings on each of the assertions denying the motion for a new trial.

Preston raises one point of appeal. He contends that the Court erred in denying the motion because his new counsel was not afforded a meaningful opportunity to obtain review of his

ineffectiveness claims or amend the petition to assert additional claims because of his appointment on the morning of his informal hearing.

■■ In his final order the Trial Court did precisely as we directed on remand, he reviewed the petition and found that it did not assert sufficient facts to raise an effectiveness issue. As we made clear in *Whitmore* v. *State*, 299 Ark. 55, 771 S.W.2d 266 (1989), there is no requirement that the court grant an evidentiary hearing on an allegation other than one of specific facts from which it can be concluded that the petitioner suffered some actual prejudice. Furthermore, the supporting facts must appear in the petition, and the petitioner cannot rely on the possibility that facts will be elicited from witnesses if a hearing is held. Preston's petition consisted of conclusory allegations, which were not borne out by the record, or bald assertions about the failure to call witnesses. Preston offered no details that a particular witness or witnesses could have testified to particular facts which would in reasonable probability have affected the outcome of the trial.

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and the petitioner has the burden of overcoming that presumption. *Strickland* v. *Washington*, 466 U.S. 668 (1984). The strong presumption in favor of counsel's effectiveness cannot be overcome by the mere claim that a petitioner has some witnesses who might have had some evidence to present. Neither Preston's petition nor his testimony at the informal hearing presented facts which demonstrated that his trial counsel erred or that any error existed which had a prejudicial effect on the actual outcome of the proceedings. We cannot say the Trial Court was wrong in concluding that the petition did not warrant relief.

■ It was proper for the Trial Court to have appointed new counsel; however, given the Court's subsequently reached conclusion that the allegations were unworthy of a formal hearing, there was nothing the new counsel could have done to further Preston's motion. Thus, Preston's allegation that his new counsel was given no opportunity to help him is not persuasive.

Affirmed.