Paul CRAVEY *v.* STATE of Arkansas

CR 91-49                                    815 S.W.2d 933

Supreme Court of Arkansas
Opinion delivered September 23, 1991

*Burbank, Dodson & McDonald*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Catherine Templeton*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. On August 8, 1990, appellant Paul Cravey was found guilty of two counts of sexual intercourse or deviate sexual activity involving his niece, age 7, and his nephew, age 10, following waiver of a jury trial and trial before the court. He was sentenced to two terms of twenty years to run consecutively. Immediately following the sentencing, the trial court advised the appellant of his right to appeal on grounds of ineffectiveness of counsel under Ark. R. Crim. P. 36.4, as it was then in effect.[1]

On August 13, 1990, the appellant's counsel moved for leave to withdraw because the appellant had decided to seek post-conviction relief due to ineffective counsel at trial. On August 28, 1990, the appellant filed a pro se motion for a new trial under Rule 36.4, containing fourteen allegations of counsel ineffectiveness. The allegations included failure of defense counsel to bring out inconsistencies in the victims' testimonies, failure to call certain witnesses like the victims' parents and the social workers to testify, failure to produce photographs of the crime scene, and

---

[1] Ark. R. Crim. P. 36.4 was amended by Per Curiam order, effective July 1, 1989, to provide for a motion for a new trial due to counsel ineffectiveness. *In re Abolishment of Ark. R. Crim. P. 37 and the Revision of Ark. R. Crim. P. 36*, 299 Ark. 573, 770 S.W.2d 148 (1989) (per curiam). That same date Ark. R. Crim. P. 37 was abolished. *Id.* By a second per curiam order effective January 1, 1991, Rule 36.4 was amended to delete the new trial procedure for ineffectiveness of counsel, and Rule 37 was reinstated. *In the Matter of the Reinstatement of Rule 37 of the Arkansas Rules of Criminal Procedure, as Revised and the Amendment of Rule 26.1 and Rule 36.4 of the Arkansas Rules of Criminal Procedure*, 303 Ark. 746, 797 S.W.2d 458 (1990).

failure to highlight certain salient points. (Among such salient points was the testimony of the state's medical witness concerning the healing of vaginal scars as applied to the facts of this case.) The prosecuting attorney responded to each allegation and argued that the appellant failed to add supporting facts to illustrate how these alleged failures prejudiced him at trial.

On October 10, 1990, the trial court signed an order granting the motion of appellant's trial counsel to withdraw and stated that this was done "so that the [appellant] could file a motion for a new trial on the basis of ineffectiveness of counsel." In another order the trial court appointed new counsel to represent the appellant. Also on October 10, 1990, the trial court denied the appellant's motion for a new trial, finding "that the allegations in the motion are conclusory, that they fail to state the defendant was prejudiced, that the allegations are without factual support and clearly do not assert facts sufficient to raise an issue of ineffectiveness of counsel." The trial court concluded that since the appellant's motion "contains nothing but mere conclusions and unsubstantiated allegations," it did not justify an evidentiary hearing.

The appellant now appeals the denial of his motion on two grounds: a) the trial court failed to appoint counsel to represent him prior to dismissal of his petition for post-conviction relief, and b) he was entitled to a hearing on his motion. We affirm the trial court on both points.

We begin by recognizing that our post-conviction procedures relating to ineffectiveness of counsel have been in flux over the past two years, and the appellant proceeded under a Rule 36.4 procedure which is no longer in effect. The operable part of Rule 36.4 establishing that former procedure read:

> The judge must further advise the defendant that, if a motion for a new trial is filed asserting facts sufficient to raise an issue whether his or her counsel was ineffective, a hearing will be held, and the time for filing a notice [of] appeal will not expire until thirty (30) days after the disposition of the motion, as provided in Rule 36.22.

Under this procedure an appellant could pursue an ineffective-counsel motion before the trial court and would be entitled to a

hearing if sufficient facts were raised. Otherwise, an appellant could appeal a denial of the motion to the appropriate appellate court within thirty days.

We agree with the trial court that the appellant's allegations were not buttressed by sufficient facts to raise an issue of ineffectiveness of counsel. To prevail on a claim of ineffective counsel a movant must show that the errors were so serious that the defendant was deprived of a fair trial and of Sixth Amendment guarantees. *See Mullins v. State*, 303 Ark. 695, 799 S.W.2d 550 (1990) (per curiam); *Robinson v. State*, 295 Ark. 693, 751 S.W.2d 335 (1988) (per curiam). Yet in each instance in the case before us the allegations made were either vague due to lack of factual underpinnings or else lacked the seriousness necessary to raise a viable issue of counsel ineffectiveness. The allegations simply did not rise to that level of gravity required to overcome the strong presumption that trial counsel did a competent job. *See Mullins v. State.*

We next address the appellant's assertion that he was entitled to the appointment of new counsel prior to the trial court's dismissal of his motion. This equates to an argument that counsel was required to assist the appellant in perfecting his motion before the trial court under the Sixth Amendment. We have recognized repeatedly, however, that post-conviction proceedings under Rule 37 (the same rationale would apply to former Rule 36.4) are civil in nature and that there is no constitutional right to counsel to assist the defendant in preparing a motion for a new trial. *See, e.g., Mullins v. State, supra; Fretwell v. State*, 290 Ark. 221, 718 S.W.2d 109 (1986). We reaffirm those holdings today.

But where a hearing is required due to a trial court's finding of sufficient facts alleged, counsel is necessary, and we have so held. *See Preston v. State*, 303 Ark. 106, 792 S.W.2d 599 (1990). In *Preston*, the post-conviction motion for ineffectiveness of counsel was made under Rule 36.4 established by our 1989 per curiam. We held that the trial court had granted trial counsel's motion to withdraw but had not clearly ruled on the appellant's motion for a new trial on grounds of ineffective counsel. We

remanded the case for a ruling on that issue and added, "Even if we should construe the order to be an order denying a motion for new trial, as the appellant argues, we would still remand for a full finding of fact and written ruling." 303 Ark. at 108; 792 S.W.2d at 600. We then directed that upon remand, new counsel should be appointed to represent the appellant, and the trial court should either a) find that the petition and records do not raise sufficient facts to support an ineffectiveness issue, or b) assuming that sufficient facts were alleged, conduct a hearing to determine if the appellant is entitled to relief.

In the case before us, the trial court has already found that the appellant's motion is factually deficient and that a hearing is not justified. In *Preston* it had not done so. It would be futile, therefore, in light of what has already occurred for us to remand this case for further action before the trial court when that court has found that there is no basis for it.

In 1990 we remanded two Rule 36.4 matters and directed that a new attorney be appointed forthwith to prosecute an ineffective-counsel motion in the trial court. *See Mobbs* v. *State*, 303 Ark. 98, 792 S.W.2d 601, (1990); *Cox* v. *State*, 305 Ark. 488, 807 S.W.2d 665 (1991) (per curiam). Neither case guarantees the right to counsel to assist in preparing a post-conviction motion or the right to a formal hearing. Accordingly, they are not dispositive of the issues before us.

In this case the trial court found that the appellant's allegations were conclusory and that he had not raised sufficient facts to support an issue of ineffective counsel. We note that the trial court was intimately familiar with the facts of this case. The matter had been tried before the court without a jury, and thus the court had acted as the finder of fact. With this knowledge as background, the court reviewed the appellant's motion and the prosecutor's response and reached its decision.

Under such circumstances and in light of the trial court's findings, appointment of new counsel to prosecute the appellant's motion further in that forum is not required. To hold otherwise would require new appointments and hearings in every post-conviction case, irrespective of a trial court's previous findings.

We decline to take such a dramatic step.

Affirmed.