COURTNEY HUDSON GOODSON, Associate Justice
Appellant James Flowers is an inmate incarcerated in the Arkansas Department of Correction. In 2016, he filed a petition for writ of mandamus in which he sought an order directing the prosecuting attorney to comply with a request that Flowers had made under the Freedom of Information Act (FOIA) for copies or access to evidence and documents that he indicated were related to the criminal investigation that led to his conviction in the case.[1] After reviewing the prosecuting attorney's response to the petition, the trial court held that the request for the writ was moot and dismissed the petition without prejudice. Flowers appeals from that order.[2] Because the order dismissing the petition was not a final, appealable order denying relief, we dismiss the appeal.
Flowers filed the petition in his criminal case, but the appeal is not one directly arising from his conviction, and Flowers therefore has no right to appeal. Ark. R. App. P.-Crim. 1(a) (2017). For proceedings in criminal cases that are civil in nature, we look to Rule 2 of the Arkansas Rules of Appellate Procedure-Civil (2017), which lists the orders from which an appeal may be taken. See Fields v. Kelley , 2018 Ark. 39, 2018 WL 772972. Generally, for an order to be appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. Id. An appeal is premature if *555 the decision does not, from a practical standpoint, conclude the merits of the case. Id.
The order in this case did not discharge the parties, and it specifically dismissed Flowers's petition without prejudice. Flowers alleged in the petition that the prosecuting attorney had declined to mail his case file directly to him while he was incarcerated and instead had offered to provide access to his representative. Flowers further alleged that his wife had unsuccessfully sought to view the file. In the prosecutor's response to the petition, it was conceded that the prosecutor's office was unable to send a copy of the case file to Flowers while he was incarcerated but that a copy had recently been mailed to his wife. A copy of a return receipt was attached in support of that claim. The trial court found that, because it appeared that Flowers had received the information he sought, his request for the writ was moot.
In his brief, Flowers seems to allege that some or all of the specific materials he requested were not included with the documents that were provided to his wife. If Flowers now believes that the prosecuting attorney turned over only some of the material in his possession in response to his request, then his claim is a new one, albeit related to his first petition for the writ. Flowers is not prevented by the trial court's order from filing an additional petition for the writ indicating that the prosecuting attorney, in violation of the requirements under the FOIA, continues to withhold the documents that Flowers had requested. Flowers's relief under the circumstances is to continue to pursue an appropriate remedy in the trial court rather than through an appeal.
Appeal dismissed.

Flowers was convicted of capital murder and four counts of aggravated robbery and received an aggregate sentence of life without parole. This court affirmed the judgment. Flowers v. State , 373 Ark. 119, 282 S.W.3d 790 (2008).

This court granted Flowers's request for belated appeal in order to proceed with the appeal.