Cite as 2018 Ark. 406

# SUPREME COURT OF ARKANSAS

No. CR-18-493

| | | |
|---|---|---|
| GARY ROBINSON | | Opinion Delivered: December 20, 2018 |
| | APPELLANT | |
| | | PRO SE MOTION TO FILE A BELATED |
| V. | | BRIEF |
| | | [FAULKNER COUNTY CIRCUIT |
| STATE OF ARKANSAS | | COURT, NO. 23CR-15-276] |
| | APPELLEE | |
| | | APPEAL DISMISSED; MOTION MOOT. |

**SHAWN A. WOMACK, Associate Justice**

Gary Robinson brings an interlocutory appeal from the order of the trial court that denied his pro se motion for reconsideration of the order that denied his motion to file an overlength amendment to his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2015). Now before us is Robinson's motion to file a belated brief. Because the order that denied the motion for reconsideration was not a final, appealable order, the appeal is dismissed. *See Flowers v. State*, 2018 Ark. 163, 544 S.W.3d 553; *McCullough v. Kelley*, 2018 Ark. 78. Therefore, the motion to file a belated brief is moot.

On February 15, 2018, Robinson filed a Rule 37.1 petition challenging the judgment of conviction entered in his criminal case and a motion seeking leave of the trial

court to file an overlength amendment to the Rule 37.1 petition.[1]  The trial court denied the motion on March 29, 2018, and Robinson filed a motion for reconsideration on April 24, 2018, which was denied.  Robinson then filed a "Notice of Interlocutory Appeal" and lodged the instant appeal in this court.

Postconviction proceedings under Rule 37 are civil in nature, *State v. Robinson*, 2011 Ark. 90, because when an appeal arises from a collateral proceeding, the appeal is civil in nature.  *Id.*  Rule 2 of the Arkansas Rules of Appellate Procedure–Civil (2017) lists the orders from which an appeal may be taken.  Generally, for an order to be appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy.  *Fields v. Kelley*, 2018 Ark. 39.  An appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case.  *Id.*

When the petitioner in a Rule 37.1 proceeding desires to appeal from an adverse ruling on some issue raised in the course of the proceeding, such as the denial of a motion to amend the petition, he or she must raise the issue as part of the appeal from the final Rule 37.1 order.  *See Dodson v. State*, 326 Ark. 637, 643, 934 S.W.2d 198, 201 (1996); *see*

---

[1]Rule 37.1(b) provides that a petition under the Rule must meet certain procedural requirements, including a limit on the number of pages in the petition.  Rule 37.2(e) provides that the petition may be amended before it is acted on if the court grants permission to file an amended petition.

*also Preston v. State*, 303 Ark. 106, 108, 792 S.W.2d 599, 600 (1990) (Because the trial court had not yet ruled on claims of ineffective assistance of counsel raised in a motion for new trial, there was no appealable order entered on the issue.).  The petitioner is not permitted to proceed with an interlocutory appeal of the denial of motions filed in the course of the Rule 37.1 proceeding.

Appeal dismissed; motion moot.